UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

EMILIANO ERMINI

Petitioner,

- against -
VIVIANA VITTORI

Respondent.
_____x

**AMENDED ANSWER**

12 CV 6100 (LTS)
ECF Case

### AMENDED ANSWER

Respondent, Viviana Vittori, by her attorney, ELLEN B. HOLTZMAN hereby amends

her answer of September 25, 2012 and answers the complaint of Petitioner Emilio Ermini as

follows, based on information currently available:

### STATUS OF PETITIONER AND CHILD

1.      Respondent denies that she has knowledge or information sufficient to form a

belief as to the allegations in paragraph 1 of the Petition and respectfully refers all matters of

legal interpretation to the Court.

2.      Respondent denies that she has knowledge or information sufficient to form a

belief as to the allegations in paragraph 2 of the Petition and respectfully refers all matters of

legal interpretation to the Court.

3.      Respondent admits as true the allegation in paragraph 3 of the Petition, except that

she has no knowledge or information as to whether Petitioner is a current resident of Italy.

4.      Respondent admits as true the allegations in paragraph 4 of the petition except

that she is a resident of New York and not a resident of Italy and she does not reside at 9

Chestnut Street, Suffern, New York.

5.      Respondent admits as true the allegation in paragraph 5 except that she is not a

resident of Italy.

1

6.      Respondent denies the allegations in paragraph 6, except admits this court has jurisdiction pursuant to 42 USC 11603, and avers that Emanuele and Daniele Ermini were brought to the United States by both parties and they remain in the United States pursuant to the shared intent of both parties to relocate to the United States to establish permanent residency in the United States.

7.      Respondent denies that she has knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Petition and respectfully refers all matters of legal interpretation to the Court.

8.      Respondent denies that she has knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Petition and respectfully refers all matters of legal interpretation to the Court.

9.      Respondent admits to paragraph 9 of the petition.

10.     Respondent admits to paragraph 10 of the petition.

11.     Respondent admits to the allegation that the parties are Italian citizens. However Respondent denies the allegation in paragraph 11 that the move to New York was temporary. The parties made a joint decision to relocate to New York and establish permanent residency here for the best interests of the children, in particular Daniele who would receive special medical treatment for autism and also because Petitioner also planned to purchase a business partnership in an established Italian restaurant in New York

12.     Respondent denies the allegation in paragraph 12 of the petition.

13.     Respondent denies the allegation in paragraph 13 of the petition.

14.     Respondent denies the allegation in paragraph 14 of the petition.

15.     Respondent denies the allegations in paragraph 15 in that she has no information or belief as to why Petitioner returned to Italy at this time.  Petitioner often travelled to Italy while the Respondent remained in New York.

16.     Respondent denies the allegations in paragraph 16 of the Petition.  Petitioner was fully aware that Respondent and the children were expected to remain permanently in New York pursuant to the parties' shared plan to provide the necessary medical treatment for their child and in furtherance of their plan to operate a business in New York.

17.     Respondent denies the allegation in paragraph 17.

18.     Respondent admits the allegations in paragraph 18 except that she denies Petitioner's allegation that he had no notice of her filing a petition in Family Court for an Order of Protection. Respondent was compelled to seek this Order after Petitioner had physically abused her by banging her head against a table in the presence of the children and threatening to kill all of them.  Danielle, age 7, who has autism is so afraid of his father, he hides from him.

19.     Respondent admits the allegation in paragraph 19 in that she also sought and was granted an order of protection in the Italian Court of Velletri. Respondent denies that she has knowledge or information sufficient to form a belief as to the other allegations contained in paragraph 19 regarding the Order of the Court in Velletri and respectfully refers all matters of legal interpretation to the Court.

20.     The Respondent admits the allegation in paragraph 20.  Respondent had no need to extend the Order of Protection on behalf of the children against the Petitioner since he was not physically present in New York therefore did not present a danger to her or the children while he was in Italy.  Respondent has an Order of Protection in favor of Respondent against Petitioner, as

a result of a guilty plea by Petitioner in Justice Court, Suffern, New York on July 13, 2012. That Order of Protection is in effect for two (2) years.

21.     Petitioner admits the allegation in paragraph 21.

22.     Respondent denies the allegation that Italy is the children's habitual residence in that they arrived in New York on August 7, 2011 and have been living in New York for a period over a year pursuant to the shared intent of both Petitioner and Respondent to relocate the family from Italy to New York. The children are well settled in New York, attending school and surrounded by family and friends. Daniele continues to receive the necessary treatment for autism that is not available to him in Italy and this treatment should not be interrupted on the whims of Petitioner. Respondent has no knowledge or information sufficient to form a belief as to the other allegations in paragraph 22 and respectfully refers all matters of legal interpretation to the Court.

23.     Respondent denies that she has knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Petition and respectfully refers all matters of legal interpretation to the Court.

24.     Respondent denies the allegations in paragraph 24 since there was no wrongful removal or retention of the children.

25.     Respondent denies the allegations in paragraph 25 of the Petition since Petitioner cannot successfully prove a *prima facie* case as the children are now habitually resident in the United States.

26.     Respondent denies the allegations in paragraph 26 of the Petition since the children are now habitual residents of the United States and should not be returned to Italy.

4

27.     Respondent admits the allegations in paragraph 27 that Emanuele and Daniele Ermini are Italian citizens; that Emanuele Ermini was born in Marino, Italy on August 23, 2003; and that Daniele Ermini was born in Marino, Italy on May 18, 2005; denies knowledge or information sufficient to form a belief as to Petitioner's acts alleged in paragraph 27; and denies all remaining allegations in paragraph 27 except to the extent paragraph 27 states legal conclusions to which no responsive pleading is required.  Respondent further avers that 1) there was no wrongful removal or retention of the children since they were relocated to the United States pursuant to the shared intent of their parents; 2) there was no breach of custody rights since Petitioner was exercising his custody rights in the United States until he unilaterally decided to return to Italy; and 3) Petitioner was exercising his custody rights in the United States which was children's habitual residence pursuant to the intentions of Petitioner and Respondent.

28.     Respondent admits the allegation in paragraph 28 that Daniele Ermini is seven years old and denies all remaining allegations in paragraph 28, except to the extent paragraph 28 states legal conclusions to which no responsive pleading is required.

29.     Respondent denies Petitioner's right to the relief requested in Petitioner's unnumbered paragraph entitled "Relief Requested".

**Affirmative Defenses**

Respondent asserts the following defenses to the Complaint.  Respondent reserves the right to further amend its Answer, including asserting additional defenses, as this matter progresses.

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Jurisdiction)**

This Court does not have jurisdiction to grant the relief sought in the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint does not state a claim upon which the relief sought in the Complaint can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Res Judicata and/or Collateral Estoppel)

Petitioner's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 12)

This proceeding was not commenced within one year of the allegedly wrongful removal or retention of Emanuele Ermini and Daniele Ermini, who are well-settled in their new environment.

## FIFTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 3, 13(a))

Petitioner was not actually exercising custody rights at the time of the allegedly wrongful removal or retention, for reasons unrelated to the allegedly wrongful removal or retention.

## SIXTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 13(a))

Petitioner consented to or acquiesced in the allegedly wrongful removal or retention.

## SEVENTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 13(b))

There is a grave risk that sending Emanuele Ermini and Daniele Ermini to Italy would expose them to physical and psychological harm and otherwise place them in an intolerable situation.

### EIGHTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 13)

Emanuele and Daniele Ermini object to being sent to Italy and Emanuele has attained an

age and degree or maturity at which it is appropriate to take account of his views.

### NINTH AFFIRMATIVE DEFENSE
### (Hague Convention, art. 20)

Sending Emanuele Ermini and Daniele Ermini to Italy would not be permitted by the

fundamental principles of the United States relating to the protection of human rights and

fundamental freedoms.

### TENTH AFFIRMATIVE DEFENSE

Petitioner's claims are barred by additional defenses that are currently unknown due to

the fact that discovery is presently incomplete.  Accordingly, Petitioner reserves the right to

supplement or amend the foregoing defenses, as well as to raise additional defenses as permitted

by law.

Dated: Nanuet, New York
       December 7, 2012

Respectfully Submitted,
VIVIANA VITTORI
By her attorney,

_____
ELLEN B. HOLTZMAN
101 NORTH MIDDLETOWN ROAD
NANUET, NEW YORK 10954
PHONE: (845) 627-0127
FAX: (845) 627-1231
EMAIL: ELLENH@ROCKLANDFAMILYLAW.COM