# Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

**New York**
"The Empire State Building"
350 Fifth Avenue, 59th Floor
New York, NY, 10018
Phone: +1 212 601 2820
Fax: +1 212 601 2821
Email: info@bltalaw.com
www.bltalaw.com

**Miami**
407 Lincoln Road, Suite 11-C
Miami Beach, FL, 33139
Phone: +1 786 497 1872
Fax: +1 786 497 1873
Email: info@bltalaw.com
www.bltalaw.com

**Rome**
Via Muggia No. 33
00195 Rome, Italy
Phone: +39 06 976 12710
Fax: +39 06 972 55184
Email: info@bltalaw.com
www.bltalaw.com

**Milan**
Tosolini, Lamura, Rasile & Toniutti LLP
in association with La Russa Studio Legale
Corso di Porta Vittoria No. 18
20122 Milan, Italy
Phone: +39 02 55 12 750
Email: info@bltalaw.com
www.bltalaw.com

**Admitted in New York**
Rocco Lamura
Gianni Toniutti
Emanuele Tosolini

**Admitted in Florida**
Claudia Moncarz
Felippe Moncarz

**Admitted in Italy**
Rocco Lamura
Marianna Lamura
Caterina Naso
Nicola Rasile

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 3 2012

December 12, 2012

## VIA FACSIMILE (212) 805 0426

Hon. Judge Laura Taylor Swain

United States District Judge

500 Pearl St.

New York, NY 10007

RE: <u>ERMINI V. VITTORI – CIVIL ACTION NO. 12-CV-06100 (LTS)</u>

<u>LETTER RESPONSE TO RESPONDENT'S AMENDED ANSWER</u>

**New York**       **Miami**       **Rome**       **Milan**

# Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

Dear Judge Swain:

We represent Petitioner Emiliano Ermini in the above captioned matter.

Pursuant to the Pre-trial Scheduling Order of December 3rd, Petitioner submits this letter response to Respondent's Amended Answer.

### 1. Residence of Respondent and Children

Respondent alleges that she and the children are residents of New York, while failing to provide any evidence or explain the basis of such an allegation.

To the best of our knowledge and information, Respondent and children do not have a valid Federal or state issued identification document such as a driver license.

Respondent and the children remain registered in the formal Italian registry of Italian residents, which is a mandatory requirement under Italian law.

Respondent and the children are still under the Italian health care national plan that is available only for Italian residents.

By filing the divorce action in Italian court, Respondent has accepted applicability of Italian law and recognized jurisdiction venue of competent Italian court. As a result, she has satisfied her residency requirement in Italy.

The autistic child, Daniele Ermini, remains registered in the Italian registry of Italian residents and he is still enrolled under the Italian health care national plan. In addition, Daniele receives a disability pension from the Italian government and he is registered in the Italian public school system. These foregoing benefits and entitlements, granted to Daniele, are available only to Italian residents.

The other child, Emanuele Ermini, is still registered under the Italian registry of Italian residents; is enrolled under the Italian health care national plan; and is registered in the Italian public school system. All the foregoing are benefits and entitlements available solely to Italian residents.

### 2. Alleged Abuse of Respondent

| **New York** | **Miami** | **Rome** | **Milan** |

# Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

Respondent alleges that on the night of December 28, 2011, Petitioner *"physically abused her* [Respondent] *by banging her head against a table."*

Respondent's description of the alleged episode of violence in December 28th substantially differs from the statement given by Respondent to the Italian judge, and from the Respondent's Petition filed in the Family Court of Rockland County, New York. For instance, Respondent's statement to the Italian judge in the Italian petition stated that on December 6, 2011, Petitioner, in Suffern, New York, punched Respondent in the face. Petitioner produced a copy of his passport and airlines tickets showing that December 6, 2011, he was in Italy and not in Suffern, New York. The Italian judge noted not only a lack of evidence to substantiate Respondent's claim of Petitioner's alleged abuse but also he found a series of discrepancies between Respondent's given statements before the Italian court and her allegations stated in her papers filed with the Italian court. Again, even in the amended answer filed by Respondent before you, she stated that Petitioner *"physically abused her* [Respondent] *by banging her head against a table."*, while, in the petition filed before the Rockland County, Respondent did not mention a table, but kitchen cabinets.

Petitioner does not deny having a verbal argument with Respondent on the night of December 28th. Petitioner admits that on that night Respondent was using the iPod of their son, Daniele, to entertain an adulterous Skype communication with a man named "Mauro Avello." As Petitioner confronted Respondent about her communication with Avello, Respondent responded that *"I* [Respondent] *will take your children away, you* [Petitioner] *will never see them again."* Respondent pushed Petitioner so violently that it caused Petitioner to lose [BROKE!] his eyeglasses.

### 3. Commencement of Hague Convention Action Within One Year

Respondent alleges that Petitioner did not commence this action within one year from the wrongful removal or retention of the children.

It is well established that a wrongful retention occurs when the non-custodial parent first asks that the child be returned home and the custodial parent refuses to do so. (see *Slagenweit v. Slagenweit*, 841 F. Supp. 264 (N.D. Iowa 1993); *Falls v. Downie*, 871 F. Supp. 100, 102 (D. Mass. 1994); *In re Ahumada Cabrera*, 323 F. Supp. 2d 1303 (S.D. Fla. 2004).

On May 14, 2012, Petitioner made a written request for the immediate return of Daniele and Emanuele Ermini to Italy. Respondent refused to comply. Petitioner commenced a legal action before this Court on August 9, 2012, that is less than three months from the wrongful retention of the children.

| **New York** | **Miami** | **Rome** | **Milan** |

# Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

**4.    Failure to Exercise Custodial Rights**

Respondent argues that Petitioner did not exercise his custodial rights.

We find this allegation without a merit and baseless. Petitioner is presently and simultaneously in various ongoing legal proceedings in Italian court, Rockland County court and this Court, where he substantially and principally is seeking to fully exercise his custodial rights, deprived from Respondent.

Petitioner enrolled Daniele and Emanuele Ermini in Italian schools for academic years 2011 through 2013.

Petitioner has made numerous requests to Respondent in writing seeking information about Daniele's medical status; he has visited Daniele and Emanuele Ermini in their respective schools in New York State; and he has maintained video - phone communication by Skype with Daniele and Emanuele, when children were allowed by Respondent.

**5.    Alleged Risk of Returning Children to Italy**

Respondent's last affirmative defense regards the *"grave risk that sending Emanuele and Daniele Ermini to Italy would expose them to physical and psychological harm and otherwise place them in an intolerable situation"* is frivolous and without basis.

Courts characterize "grave risk" as placing the child in an imminent danger prior to the final resolution of the custody dispute in the country of habitual residence or at grave risk for serious abuse or neglect or extraordinary emotional dependence <u>where the country of habitual residence cannot provide the child with adequate protection</u> *(underlined for emphasis)* (see *Friedrich v Friedrich* 983 F.2d 1396 (6th Cir.1993); Ozaltin v. Ozaltin (In re S.E.O.), 2012 U.S. Dist. LEXIS 78283 (S.D.N.Y. June 5, 2012).

The country of Italy provides an adequate and specific system of protections, including specialized Italian court for protection of children, child protection and care units, all perfectly capable to address any issues concerning the best interest of Emanuele and Daniele Ermini.

Upon Respondent's petition, the Court of Velletri, Italy has found no evidence of any domestic abuse from Petitioner towards Daniele and Emanuele Ermini, and it ordered a joint-custody of the children, denied Respondent's order of protection request for the children; ordered visitation rights to Petitioner, and return of the children to Italy.

**New York**              **Miami**              **Rome**              **Milan**

# Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

\*\*\*

Petitioner requests from this Court to order return of Daniele and Emanuele Ermini to Italy, reimbursement of Petitioner's attorney's fees.

Respectfully submitted,

*[signature]*

Rocco Lamura, Esq.
*Attorney for Respondent*
350 Fifth Avenue, 59th Floor
New York, New York, 10018
Phone: 1 212 601 2820
Fax: 1 212 601 2821
Email: rocco.lamura@bltalaw.com

To:

Ellen Holtzman, Esq.

101 North Middeltown Road

Nanuet, New York 10994

Email: ellenh@rocklandfamilylaw.com

Jacob Press

7 World Trade Center

250 Greenwich Street

New York, New York 10007 +1 212 295 6518 (t)

| **New York** | **Miami** | **Rome** | **Milan** |

## Tosolini, Lamura, Rasile & Toniutti LLP

INTERNATIONAL LAW FIRM

Email: jacob.press@wilmerhale.com

Jacqueline Sands, Esq.

2 Congers Road

New City, New York 10956

Email: jsands@wnylc.com

**New York**        **Miami**        **Rome**        **Milan**