USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 0 2 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMILIANO ERMINI,

                Petitioner,

v.

VIVIANA VITTORI,

                Respondent.

---

Civil Action No. 12-cv-06100 (LTS) (HJP)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY BETWEEN PETITIONER AND RESPONDENT

Petitioner Emiliano Ermini ("Petitioner") and Respondent Viviana Vittori ("Respondent") hereby stipulate and agree that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Confidentiality Stipulation and Protective Order (the "Order") shall govern the disclosure of material in the Action.

### I. Definitions

**A. Action.** "Action" means the action captioned *Emiliano Ermini v. Viviana Vittori*, 12 Civ. 6100 (LTS) (HJP), which is currently pending in the United States District Court for the Southern District of New York.

**B. Discovery Material.** "Discovery Material" means any information, document or tangible thing, deposition testimony or transcript, or any written response to discovery and any other similar materials, or portions thereof, produced or obtained through any formal discovery device provided by the Federal Rules of Civil Procedure.

**C.** **Confidential Material.** "Confidential Material" means any Discovery Material marked "Confidential" in accordance with Section II-A below, and any copies, abstracts, summaries, notes or other documents derived from such Discovery Material.

**D.** **Disclose.** "Disclose" means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

**E.** **Document.** "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

**F.** **Petitioner.** "Petitioner" means Emiliano Ermini, and his employees, officers, agents, and representatives.

**G.** **Respondent.** "Respondent" means Viviana Vittori, and her employees, officers, agents, and representatives.

**H.** **Parties.** "Parties" means Petitioner and Respondent.

**I.** **Party.** "Party" means any of the Parties.

**J.** **Third Party.** "Third Party" means any individual, corporation or other entity not a party to this case from whom Discovery Material is sought or obtained. The parties agree to notify all third parties from whom Discovery Material is sought after entry of this Protective Order of the existence of the Protective Order and to provide them with a copy of it prior to the production of any Discovery Material.

## II. Designation of Confidential Material

**A.     Designation of Material.** At the time of producing any Discovery Material, or within a reasonable time thereafter, any party or third party may designate any Discovery Material produced by him, her, or it as Confidential by stamping it with the legend "Confidential" on its face or by following the procedure in Section IV below, or, in the case of electronic media that cannot be so marked, in a cover letter describing the information so designated. Deposition transcripts and documents marked at depositions already taken may be designated "Confidential." If either party wishes to do so, designating party must alert opposing party within 7 days of Court granting this Protective Order.

      **1.     Basis for "Confidential" Designation.** The use of the "Confidential" stamp shall be limited to documents containing or referencing non-public, personal information including without limitation, for example, psychological evaluations, medical records, allegations of abuse, academic records, and financial information, such as bank account numbers and balances. Notwithstanding any other provision in this Protective Order, Confidential Material shall include all documents that contain both: (i) the identities of the parties' children; and (ii) information concerning allegations of abuse of the children, including without limitation, all such documents presented to or on file with the Italian courts.

**B.     Inadvertent Production.** Any party or third-party who discovers that he, she, or it has produced Discovery Material without the appropriate "Confidential" designation shall give all parties prompt written notice of such fact, and the parties shall take such steps as can reasonably be taken to ensure that such Discovery Material is treated as if it has been properly marked from the outset. However, any disclosure of such Discovery Material made prior to the

3

designation of confidentiality shall not be deemed a violation of this Protective Order unless such disclosure violates Section V of the Protective Order.

### III.     Objection to Designation of Confidential Material

If a party disagrees with the designation of any Discovery Material as Confidential, such objection shall be made in writing to the designating party or third party. No later than 4 days after such written objection has been made, the designating party or third party shall move the Court to maintain the confidentiality designation. During this 4 day period, counsel will attempt to resolve the objection on an informal basis. If a motion is not filed prior to expiration of the 4 day period, the confidentiality designation shall no longer apply to the documents subject to the objection. If a motion is filed, neither the existence of this Protective Order nor its contents shall be construed to alter the burden of proof or legal standard that would apply to such a motion in the absence of this Protective Order. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. If an objection to a confidentiality designation is made, disclosure barred by this Protective Order shall not be made pending resolution of the matter by the Court or the parties and producing third party.

### IV.     Post-Production Designation of Discovery Material

If a party or third party designates Discovery Material as Confidential after production, the party or third party shall notify all others to whom production has been made of the designation, and all parties to whom production has been made shall mark all of their copies of the designated Discovery Material as Confidential.

4

V.   **Use of Discovery Material**

All Discovery Material produced under this Protective Order is to be used solely for purposes of the above-captioned action, and for no other purpose, except as required by law. Nothing herein shall be construed to limit, condition or otherwise restrict in any way the use by any party of its own Confidential.

VI.  **Access to Confidential Material**

   A.   **Persons with Access to Confidential Material.** Confidential Material may be viewed only by:

   1.   The parties to this action;

   2.   Counsel for the parties to this action, including partners, associates, secretaries, legal assistants and any other employees, to the extent reasonably necessary to render professional services in this action;

   3.   Any person who authored and/or previously received any of the Confidential documents or information;

   4.   Any court reporter or video camera operator at any deposition in this action;

   5.   The Court and any court official involved in this action (including any court reporter or court employee);

   6.   The *guardian ad litem*, Jacqueline Sands, appointed by the Court in this action, including her agents, employees, and any expert with whom she consults, provided that

such persons are informed of the content of, and agree to be bound by, the terms of this Protective Order, following the procedure set forth in section VI(D), below;

7. Outside vendors retained by a party or their counsel to provide litigation support services in the action, including, without limitation, creation or management of databases, document imaging, microfiching, photocopying or similar functions;

8. Interpreters or translators retained by a party or their counsel to provide translations of documents, exhibits, conversations with counsel, questions and answers during depositions or trial, or similar functions;

9. Any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper;

10. Any outside consultant or expert retained for the purpose of assisting counsel in this action;

11. Any expert retained for the purpose of providing opinions and testimony in this action; and

12. Any other person to whom the producing party and the receiving party may agree with prior written consent.

**B.  Court Personnel.** Court personnel may view Confidential Material as necessary in the course of performing their duties.

**C.  Agreement to Be Bound.** In addition, access to Confidential Material may be provided to persons who first sign an agreement to be bound by this Protective Order in the form annexed as Exhibit A, provided that the affording of such access is consistent with the limitations specified in Section V of this Protective Order.

6

VII. <u>Handling of Confidential Material</u>

A. **Exclusion of Unauthorized Persons.** If any Confidential Material is to be disclosed at any deposition, all persons not entitled to view such material in accordance with this Protective Order shall be excluded from attendance at the deposition whenever the Confidential Material is being so disclosed, unless the parties and producing third party otherwise agree or the Court otherwise orders.

B. **Confidential Material Filed With Court.**

Confidential Material, or any documents containing or quoting such materials, which are filed or lodged with the Court shall be filed under seal pursuant to the applicable Federal and Local Rules of Civil Procedure and Individual Practices of Judge Swain, unless the Court otherwise orders. Any pleading, motion, memorandum or correspondence timely filed with the Court pursuant to the applicable Federal and Local Rules of Civil Procedure, Individual Practices of Judge Swain, and any Court orders governing the filing of sealed documents will be deemed timely filed provided that such filing, in both redacted and unredacted form, is also contemporaneously sent to counsel for the non-filing party via electronic mail.

C. **Deposition Transcripts.** When Confidential Material is incorporated in a deposition transcript via testimony or documents, those pages of the deposition transcript that contain such material shall be designated at the top of each such page as Confidential Material, as appropriate.

D. **Response To Non-Party Discovery.** If any person or entity not a party to the above-captioned action requests or demands the production of any Confidential Material that a party has obtained under the terms of this Order, such party shall:

7

      1.      Promptly notify the producing party of such request or demand, so that the producing party may seek appropriate relief, if any; and

      2.      Notify the person, entity, agency or court seeking the Confidential Material of the existence of this Order.

No party shall produce or disclose Confidential Material in response to a non-party request or demand until and unless (a) ordered to do so by a court of competent jurisdiction, or (b) such production or disclosure is expressly consented to in writing by the producing party. Nothing herein shall obligate a party to defend against such non-party request or demand.

## VIII. Return or Destruction of Confidential Material

Once participation in the above-captioned action by any person obtaining Confidential Material pursuant to this Protective Order has been terminated or otherwise concluded, and upon the final disposition of the action, including the entry of a final judgment and all applicable appeal periods have expired, all Confidential Material (other than trial preparation material, or any other material protected by a privilege, such as the attorney work-product or attorney-client privilege that contains Confidential Material ("Privileged Confidential Material")) shall, upon written request by the producing party or third party made within 30 days of the conclusion of all proceedings, be destroyed or returned within 30 days to such producing party or third party, with no copies being retained by the person returning such materials. Written certification that all Confidential Material has been returned or destroyed shall be provided to the producing party or third party within the same 30-day period.

## IX. Information Obtained From Other Sources

Nothing in this Protective Order constitutes a finding that any of the information disclosed or contained in Discovery Material is Confidential, and nothing herein shall prevent any party from contending, during the progress of this action or afterward that any or all such Discovery Material is not Confidential because, *inter alia*: (a) it was set forth in a publication or was otherwise known or available generally to the public prior to its disclosure in this action; (b) it has become known or available generally to the public as a result of a publication or disclosure that has occurred in a manner that is not violative of this Protective Order; (c) it was in the possession of, or known to, the requesting party prior to its designation as Confidential in this action; (d) it has been disclosed to the requesting party by a source that obtained the information lawfully and that was under no obligation of confidentiality to the producing party or third party; or (e) it was developed independently by the requesting party without reference to the disclosures made by the producing party or third party.

## X. Amendment

This Protective Order may be amended, with leave of the Court, by agreement of the parties and any producing third party in the form of a writing signed by all parties and the producing third party and filed with the Court.

## XI. Right to Further Relief

This Protective Order is without prejudice to the rights of any party to apply to this Court for relief from any of its provisions or to seek or agree to less, different, or additional protection for

9

any particular documents or testimony, and is without prejudice to the parties' attorney-client, attorney work-product, and other privileges.

**STIPULATED AND AGREED:**

Dated: December 27, 2012
New York, New York

By: /s/ Rocco Lamura

Rocco Lamura
TOSOLINI, LAMURA, RASILE & TONIUTTI LLP
70 West 36th Street
12th Floor
New York, New York 10018
Phone: 212 601-2820

*Counsel for Petitioner*

By: Jacob Press/TKM

Jacob Press
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Phone: (212) 230-8800

*Counsel for Respondent*

IT IS SO ORDERED:
Dated: January 2, 2013

Hon. Laura Taylor Swain
United States District Judge

10

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIANO ERMINI,<br><br>                Petitioner,<br><br>v.<br><br>VIVIANA VITTORI,<br><br>                Respondent. | Civil Action No. 12-cv-06100 (LTS) (HJP) |

### AGREEMENT TO BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I will be receiving Confidential Material. I understand that such Confidential Material is to be provided to me pursuant to the terms and restrictions of the Protective Order, dated December __, 2012 in the above-captioned action. I acknowledge that I have been given a copy of and have read that Protective Order, and I agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 201_

 

_____
Signature

_____
Printed Name

11