UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMILIANO ERMINI,                )
                                )
                 Petitioner,    )  No. 12-cv-06100 (LTS) (HJP)
                                )
v.                              )
                                )
VIVIANA VITTORI,                )
                                )
                 Respondent.    )
                                )

---

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION *IN LIMINE* OF EMANUELE ERMINI AND RESPONDENT FOR PROTECTIVE ORDER REQUIRING THAT ANY TRIAL TESTIMONY BY NON-PARTY MINOR CHILD EMUANUELE ERMINI BE TAKEN *IN CAMERA***

Non-party minor child Emanuele Ermini and Respondent Viviana Vittori respectfully submit this memorandum of law in support of their joint motion *in limine* requiring that any trial testimony by non-party minor child Emanuele Ermini be taken *in camera*.

**PRELIMINARY STATEMENT**

Vittori and Petitioner Emiliano Ermini each have identified their minor child Emanuele Ermini, aged 9, as a witness who may be called to testify at trial in this action arising under the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980 (the "Convention").[1] Emanuele's testimony regarding his objection to returning to Italy, as well as his current home and school environment, is indeed of the utmost importance here. However, due to his age and his well-founded fear of Ermini, testifying in open court may be so overwhelming as to make it impossible for him to testify effectively. Therefore, Emanuele,

---

[1] Respondent's Rule 26(a)(1) Initial Disclosure Statement, Dec. 21, 2008 at 3 (attached as Exhibit I to the Declaration of Jacqueline Sands, Esq., January 9, 2013 ("Sands Decl.")); Petitioner's Rule 26(a)(1) Initial Disclosure Statement. Dec. 24, 2012 at 3 (Sands Decl. Ex. J)

through his undersigned counsel, moves jointly with Respondent for an order *in limine* requiring that any trial testimony by Emanuele be taken *in camera*, on the record, but outside the presence of the parties and their counsel.

## ARGUMENT

Article 13 of the Convention provides that, even where the Court has found that a child has been wrongfully removed or retained, the Court "is not bound to order the return of the child . . . if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." Children as young as eight may have their objections and views taken into account under Article 13. *See, e.g., Reyes Olguin v. Cruz Santana*, 03 CV 6299 JG, 2005 WL 67094, at *10, n. 2 (E.D.N.Y. Jan. 13, 2005) (refraining from ordering return of objecting eight-year-old); *Application of Blondin v. Dubois*, 78 F. Supp. 2d 283, 296 (S.D.N.Y. 2000) (same), *aff'd*, 238 F.3d 153 (2d Cir. 2001). In fact, the Second Circuit has specifically rejected the argument that "under the Convention, as a matter of law, an eight-year-old is too young for her views to be taken into account . . . as this would read into the Convention an age limit that its own framers were unwilling to articulate as a general rule." *Blondin*, 238 F.3d at 167. Accordingly, "it borders on an ipse dixit to say that the subject child is the single most important witness where a court is considering the age and maturity exception to the Hague Convention's rule of return." *Laguna v. Avila*, 07-CV-5136 (ENV), 2008 WL 1986253, at * 9 (E.D.N.Y. May 7, 2008).

In addition, the Court may decline to order the return of a child where "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." Convention, art. 13(b). To determine whether there

is a grave risk, the Court may hear testimony from the child about whether he or she is "settled in its new environment." *Blondin*, 238 F.3d at 163-166.

Although it is necessary to hear Emanuele's testimony, examining him in open court "may cause psychological injury to the child, and . . . may so overwhelm the child as to prevent the possibility of effective testimony, thereby undermining the truth-finding function of the trial itself." *Coy v. Iowa*, 487 U.S. 1012, 1032 (1988) (O'Connor, J. concurring). *See also Maryland v. Craig*, 497 U.S. 836, 855 (1990) (citing "growing body of academic literature documenting the psychological trauma suffered by child abuse victims who must testify in court"). Hearing Emanuele's testimony *in camera*, on the record, but outside the presence of the parties and their respective counsel will minimize the harm to Emanuele and maximize the value of his testimony.

It is well established that it is appropriate to employ special procedures for taking the testimony of children, to prevent trauma and to ensure full and candid testimony. 98 C.J.S. Witnesses § 397 ("a judge is afforded wide discretion in fashioning procedures and modifying standard trial practices to accommodate the special needs of child witnesses"); *Craig*, 497 U.S. at 852-53 ("[i]t is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling'") (citations omitted). Such procedures are particularly appropriate here, because Emanuele has a well-founded fear of making statements in front of Petitioner. Sands Decl. ¶ 2-5; 7. In fact, earlier today, Petitioner consented to the entry by the Rockland County Family Court of a permanent order of protection, which requires that he remain have no contact with the Respondent and the Children. *Id.* ¶ 4. Emanuele has witnessed Ermini's physical and verbal abuse against Vittori, including at least three acts of choking. *Id.* ¶ 6. In December 2011, Emanuele witnessed Ermini choke Vittori and throw her against a wall. *Id.* He tried to physically insert himself between them to protect

Vittori. Ermini also engaged in frequent physical and verbal abuse of Emanuele and his brother Daniele Ermini. *Id.* Today,

Permitting Emiliano to testify *in camera* will not place either party at a disadvantage, as neither will be present.

District courts hearing Convention cases commonly hear the testimony of the subject children *in camera*, "on the record but outside the presence of the parties and their respective counsel." *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 187 (E.D.N.Y. 2010), *aff'd*, 401 F. App'x 567 (2d Cir. 2010); *see also Blondin v. Dubois*, 238 F.3d 153, 167 (2d Cir. 2001) (affirming district court decision where "Judge Chin interviewed the children together in his chambers without their mother present; he gave them toys to play with while they talked to him and he did not wear his judicial robe.").

In accordance with prevailing practice, the testimony of Emanuele should therefore be heard *in camera*, on the record, but outside the presence of the parties and their respective counsel.

## CONCLUSION

For the reasons stated above, Emanuele, through his undersigned counsel, and Vittori jointly and respectfully request that the Court issue an order *in limine* requiring that any trial testimony by Emanuele Ermini be taken *in camera*, on the record, but outside the presence of the parties and their counsel, and grant any further and other relief as the Court deems just and proper.

Respectfully Submitted,

Dated: New York, New York
       January 9, 2013

s/ Sanket J. Bulsara
------
Sanket J. Bulsara
Jacob Press
Wilmer Cutler Pickering Hale
  and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
tel: (212) 230-8800
fax: (212) 230-8888

*Counsel for Respondent Viviana Vittori*

Jacqueline Sands
Legal Aid Society of Rockland County, Inc.
2 Congers Road
New City, New York 10956
tel: (845) 634-3627
fax: (845) 634-8505

*Counsel for Emanuele Ermini and Daniele Ermini*