```
                                                          Page 1
 1
 2            UNITED STATES DISTRICT COURT
 3            SOUTHERN DISTRICT OF NEW YORK
 4
 5    EMILIANO ERMINI,            )
                                  )
 6            Petitioner,         )
                                  )
 7            vs.                 )    No. 12-cv-06100
                                  )         (LTS)
 8    VIVIANA VITTORI,            )
                                  )
 9            Respondent.         )
      -------------------------   )
10
11
12
13
14
15                    December 19, 2012
16                    10:38 a.m.
17
18         Deposition of VIVIANA VITTORI, held at
19    the offices of Wilmer Cutler Pickering
20    Hale and Dorr LLP, 7 World Trade Center, New
21    York, New York, before Laurie A. Collins, a
22    Registered Professional Reporter and Notary
23    Public of the State of New York.
24
25
```

```
 1
 2    A P P E A R A N C E S:
 3
 4       TOSOLINI, LAMURA, RASILE & TONIUTTI LLP
 5       Attorneys for Petitioner
 6            70 West 36th Street, 12th Floor
 7            New York, New York 10018
 8       BY:   ROCCO LAMURA, ESQ.
 9                rocco.lamura@bltalaw.com
10             GENCI BILALI, ESQ.
11                genci.bilali@bltalaw.com
12
13       WILMER CUTLER PICKERING HALE AND DORR LLP
14       Attorneys for Respondent
15            7 World Trade Center
16            New York, New York 10007
17       BY:   JACOB PRESS, ESQ.
18                jacob.press@wilmerhale.com
19             ANDREA PACELLI, Ph.D., ESQ.
20                andrea.pacelli@wilmerhale.com
21
22    ALSO PRESENT:
23       DOMINIQUE MANNELLA, ESQ. (Tosolini, Lamura)
24       MARIA GALETTA, Italian Interpreter
25       OLGA NEGRINI, Italian Interpreter
```

```
                                                      Page 69
 1                    Teleconference
 2              And if this comes up with other
 3        questions that could be characterized as legal
 4        or somehow abstractly conceptual, I'm
 5        directing two things:  one, the questioner go
 6        to underlying facts and get answers to those,
 7        and the deponent to give answers to those.
 8              And if there is a refusal to answer the
 9        ultimate question, if the questioner wants,
10        the questioner can later make an application
11        to the court for some sanction for preclusion
12        or something.
13              But if the underlying factual answers
14        are being given, I think that will be
15        sufficient to permit progress toward trial and
16        for the court to consider whether some other
17        sanction, which I am pointing out could
18        include preclusion from taking particular
19        positions or preclusion from offering
20        particular evidence at trial.
21              And so it should not be a light
22        decision at all.  And the deponent is urged to
23        listen to advice from her counsel on these
24        matters, which I trust will be wise.  All
25        right?
```