UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIANO ERMINI, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 12-cv-06100 (LTS) |
| | ) |
| v. | ) |
| | ) |
| VIVIANA VITTORI, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT VIVIANA VITTORI'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Respondent Viviana Vittori ("Respondent") hereby requests that Petitioner Emiliano Ermini ("Petitioner") serve a written response to these requests and produce the documents and things described below at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007 or at a location mutually agreed to by both parties, as soon as practicable but no later than within seven (7) days of service.

## DEFINITIONS

The following definitions are to be considered applicable to all specific requests for the production of documents and things:

1.      Respondent incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3.

2.      "Petitioner" refers to Emiliano Ermini.

3.      "Respondent" refers to Viviana Vittori.

4.      "You" and "your" include the person to whom these requests are directed and all present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

5.      "Document" is synonymous in meaning and equal in scope to this term as used in Fed. R. Civ. P. 34(a) and includes, without limitation, electronic or computerized data compilations, tangible things and any information-containing paper or other medium or materials, whether handwritten, printed, recorded, filmed, or produced by any other mechanical, chemical, or electronic process, whether or not asserted to be privileged or immune from discovery, and whether a draft, original, or copy, including any notes or marginal notations appearing on any document, including self-stick removable notes.

6.      Pursuant to Local Rule 26.3(d)(2), the connective "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.      "Complaint" refers to the Complaint filed in *Ermini v. Vittori*, Case No. 12-cv-06100 (LTS) (S.D.N.Y.) on August 9, 2012.

8.      "Joint Pre-trial Statement" refers to the Joint Pre-trial Statement filed in *Ermini v. Vittori*, Case No. 12-cv-06100 (LTS) (S.D.N.Y.) on November 30, 2012.

## <u>INSTRUCTIONS</u>

The following instructions are to be considered applicable to all specific requests for the production of documents and things:

1.      These requests shall apply to all documents in your possession, custody, or control.  If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your

possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2.      If no documents are responsive to a particular request, you are to state that no responsive documents exist.

3.      In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

4.      If you find the meaning of any terms in these requests unclear, please assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

5.      For any responsive documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, you shall provide a written statement setting forth:

> (a)      the identity of the documents;
>
> (b)      the nature of the document (*e.g.*, letter, memorandum, chart);
>
> (c)      the identity of the person(s) who received copies of the document;
>
> (d)      the date of the document;
>
> (e)      a brief description of the subject matter of the document; and
>
> (f)      the circumstances of the loss or destruction and any fact, statute, rule, or

decision upon which you rely in withholding the document.

6.     If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

(a)     to disclose the facts upon which you rely in asserting your claim;

(b)     to permit the grounds and reasons for withholding the information to be identified unambiguously; and

(c)     to permit the information withheld to be identified unambiguously.

7.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.  Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.  Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy.

8.     These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

9.     Each document is to be produced along with all drafts, without abbreviation or redaction.

10.     None of the definitions and instructions, or the requests set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or

admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

11.     Unless otherwise indicated in a particular request, these requests are not date or time limited.

12.     These requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:**

All documents and things concerning Petitioner's allegations of Emanuele and Daniele Ermini's ties to Italy, including that (a) Italy is the country of "habitual residence" and "actual residence" of Emanuele and Daniele Ermini (Compl. ¶¶ 22, 27(1)); (b) "[p]revious to November 2011, [Petitioner, Respondent] and their two children continuously lived and resided in Italy" (Compl. ¶ 12); (c) Emanuele and Daniele Ermini are "registered under the Italian Register of Italian Residents" (Joint Pre-Trial Statement, section h.1.); and (d) Emanuele and Daniele Ermini are "enrolled in the Italian School system and the Italian Health Care National Plan under the Italian residency law." (*Id*.)

**Request No. 2:**

All documents and things concerning United States visa applications and past and current United States visa, immigration, and residency status of (a) Petitioner, (b) Respondent, (c) Emanuele Ermini, and (d) Daniele Ermini.

**Request No. 3:**

All documents and things concerning Petitioner's allegation that "[a]ll material parties to this case . . . came to New York in November 2011 on a six-month tourist B visa in order to seek a different temporary medical care for . . . Daniele [Ermini], affected by autism." (Compl. ¶ 11.)

**Request No. 4:**

All documents and things concerning each entrance to and exit from the United States by (a) Petitioner, (b) Respondent, (c) Emanuele Ermini, and (d) Daniele Ermini, including all documents and things concerning Petitioner's allegation that "Petitioner and Respondent, together with the minors, entered the United States with a B type Visa, on or about September 3, 2012, for a period of six months." (Joint Pre-Trial Statement, section f.1.vi.)

**Request No. 5:**

All documents and things concerning Petitioner's allegation that "on or about January 4, 2012, [Petitioner], in agreement with [Respondent], returned to Italy to take care of some family and personal business." (Compl. ¶ 15.)

**Request No. 6:**

All documents and things concerning Petitioner and Respondent's search for, and identification of, places for Emanuele and Daniele Ermini to reside in the United States.

**Request No. 7:**

All documents and things concerning Petitioner's United States-related business plans and search for, and identification of, United States-related employment, including business plans and employment relating to Marcello Russodivito.

**Request No. 8:**

All documents and things concerning Petitioner and Respondent's selection of schools for Emanuele Ermini in the United States.

**Request No. 9:**

All documents and things concerning any potential or actual efforts by Petitioner and Respondent to sell, or otherwise dispose of, any property of Petitioner and Respondent in Italy, including any residential property.

**Request No. 10:**

All documents and things concerning any potential or actual efforts by Petitioner and Respondent to collect donations to pay for any United States-related expenses relating to Daniele Ermini.

**Request No. 11:**

All documents and things concerning Petitioner and Respondent's views on (a) travel and relocation to the United States and (b) the schools, services, and treatments available to children in the United States, including any public statements in the media, on the Internet, or elsewhere.

**Request No. 12:**

All documents and things concerning the intentions of Petitioner and Respondent regarding the length of time Emanuele and Daniele Ermini would remain in the United States.

**Request No. 13:**

All documents and things concerning any actual or alleged physical or psychological abuse by Petitioner of (a) Respondent, (b) Emanuele Ermini, and (c) Daniele Ermini.

**Request No. 14:**

All documents and things concerning any actual or alleged physical or psychological abuse by Respondent of (a) Petitioner, (b) Emanuele Ermini, and (c) Daniele Ermini.

**Request No. 15:**

All documents and things concerning Emanuele and Daniele Ermini's adjustment to living in the United States, including respectively (a) any evaluations of his academic and social performance; (b) his feelings with respect to living in the United States; (c) his degree of maturity; (d) whether he objects to being sent to Italy; (e) the psychological impact a return to Italy would have on him; and (f) the physical impact a return to Italy would have on him.

**Request No. 16:**

All documents and things concerning (a) the physical and mental condition of Daniele Ermini, including examinations, diagnoses, and treatments received in Italy and in the United States; and (b) the selection of medical treatment, other professional treatment, and schooling for Daniele Ermini in the United States.

8

**Request No. 17:**

All documents and things concerning Petitioner's allegations that Petitioner "inquired with specific Italian facilities regarding the possibility to enroll Daniele in special education programs that would put the child in the position to develop some basic communication and relationship skills" and "[o]nly the refusal of Defendant to return to Italy has prevented Daniele to start a therapeutic path in specialized Centers in Italy." [sic]  (Compl. ¶ 27(3).)

**Request No. 18:**

All documents and things concerning Petitioner's allegations that "[o]n December 27, 2011, [Petitioner] became aware that [Respondent] was entertaining an extra marital [sic] relationship with an Italian citizen" and "had an argument." (Compl. ¶¶ 13, 14.)

**Request No. 19:**

All documents and things concerning any demands by Petitioner that Respondent send Emanuele Ermini and Daniele Ermini to Italy, and any response by Respondent thereto, including:

> (a) all documents and things concerning Petitioner's allegation that "from January 2012, to May 2012, Petitioner—through extensive written communications—was trying to reach a settlement that would provide, among others [sic], the returning of the children to Italy"  (Joint Pre-Trial Statement, section h.1.);

> (b) all documents and things concerning Petitioner's allegations that "on or about February 5, 2012, [Petitioner], in Italy, by telephone conversation, requested [Respondent] to bring the children back to Italy"; "[i]n that telephone conversation, [Respondent] affirmed that she permanently desired to reside in the United States, as a new place of residence"; and Petitioner and Respondent "had another argument." (Compl. ¶¶ 16, 17); and

> (b) all documents and things concerning Petitioner's allegation that "by a formal written communication dated May 28, 2012, delivered to [Respondent]" and others a request for "the immediate return of the children to Italy."  (Compl. ¶ 21.)

**Request No. 20:**

All documents and things concerning Petitioner's allegations that "Petitioner has always exercised his custodial rights," including by "trying to obtain from any person who might have some information, an update on the children's status and specifically on Daniele's health status." (Joint Pre-Trial Statement, sections f.1.xiii, h.1.; Compl. ¶ 27(3).)

**Request No. 21:**

All documents and things concerning Petitioner's allegation that Petitioner "exercised his visitation rights up to the end of April, 2012."  (Joint Pre-Trial Statement, section h.1.)

**Request No. 22:**

All documents and things concerning Respondent's compliance with any visitation orders issued by courts in the United States or Italy, including:

(a) all documents and things concerning Petitioner's allegation that Respondent "unilaterally denied [Petitioner] from any contact with the children, by hiding the same children behind the temporary order of protection that prevents [Petitioner] to communicate with [Respondent]." [sic] (Compl. ¶  27(3));

(b) all documents and things concerning Petitioner's allegation that Respondent "is not allowing visitation" and "it has been almost nine months from the last time Respondent let [Petitioner] see the children or talk to them" (Petitioner's Letter to the Court, November 13, 2012 (Docket No. 12);

(c) all documents and things concerning Petitioner's allegation that "Petitioner came to the United States several times to see the children but was unable—due to Respondent conducts [sic]—to see the children" (Joint Pre-Trial Statement, section h.1.);

(d) all documents and things concerning Petitioner's allegation that "[a]fter April 2012 . . . Respondent closed all ways of communication between the children and Petitioner." (Joint Pre-Trial Statement, section h.1.); and

(e) all documents and things concerning Petitioner's allegation that "[s]everal demands of compliance [with an "Order of Visitation of the Family Court of Rockland County"] were filed . . . including a motion for sanction against Petitioner . . . ."  (Joint Pre-Trial Statement, section h.1.).

10

**Request No. 23:**

All documents and things concerning Petitioner's allegation that Petitioner "filed a criminal complaint before the Italian Criminal Authorities for international abduction of children, and filed an application before the U.S. Department of State, Office of Children's Issues, for the return of the children under the Hague Convention . . . ."  (Compl. ¶ 22).

**Request No. 24:**

All documents and things concerning Petitioner's allegations (a) in the Complaint and (b) in the Joint Pre-Trial Statement.

Dated:  December 6, 2012.

*/s/ Jacob Press*
Jacob Press
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Strret
New York, NY 10007
(212) 230-8800 (t)
(212) 230-8888 (f)

*Attorneys for Respondent Viviana Vittori*
