UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIANO ERMINI, <br><br> Petitioner, <br><br> v. <br><br> VIVIANA VITTORI, <br><br> Respondent. | ) <br> ) <br> ) Civil Action No. 12-cv-06100 (LTS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## RESPONDENT VIVIANA VITTORI'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Respondent Viviana Vittori ("Respondent") hereby requests that Petitioner Emiliano Ermini ("Petitioner") serve a written response to these requests and produce the documents and things described below at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007 or at a location mutually agreed to by both parties, as soon as practicable but no later than within five (5) days of service.

## DEFINITIONS

The following definitions are to be considered applicable to all specific requests for the production of documents and things:

1. Respondent incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3.

2. "Petitioner" refers to Emiliano Ermini.

3. "Respondent" refers to Viviana Vittori.

4. "You" and "your" include the person to whom these requests are directed and all present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

5. "Document" is synonymous in meaning and equal in scope to this term as used in Fed. R. Civ. P. 34(a) and includes, without limitation, electronic or computerized data compilations, tangible things and any information-containing paper or other medium or materials, whether handwritten, printed, recorded, filmed, or produced by any other mechanical, chemical, or electronic process, whether or not asserted to be privileged or immune from discovery, and whether a draft, original, or copy, including any notes or marginal notations appearing on any document, including self-stick removable notes.

6. Pursuant to Local Rule 26.3(d)(2), the connective "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. "Complaint" refers to the Complaint filed in *Ermini v. Vittori*, Case No. 12-cv-06100 (LTS) (S.D.N.Y.) on August 9, 2012.

8. "Joint Pre-trial Statement" refers to the Joint Pre-trial Statement filed in *Ermini v. Vittori*, Case No. 12-cv-06100 (LTS) (S.D.N.Y.) on November 30, 2012.

**INSTRUCTIONS**

The following instructions are to be considered applicable to all specific requests for the production of documents and things:

1. These requests shall apply to all documents in your possession, custody, or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your

2

possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

3. In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

4. If you find the meaning of any terms in these requests unclear, please assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

5. For any responsive documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, you shall provide a written statement setting forth:

    (a) the identity of the documents;

    (b) the nature of the document (*e.g.*, letter, memorandum, chart);

    (c) the identity of the person(s) who received copies of the document;

    (d) the date of the document;

    (e) a brief description of the subject matter of the document; and

    (f) the circumstances of the loss or destruction and any fact, statute, rule, or decision upon which you rely in withholding the document.

6. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

(a) to disclose the facts upon which you rely in asserting your claim;

(b) to permit the grounds and reasons for withholding the information to be identified unambiguously; and

(c) to permit the information withheld to be identified unambiguously.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced. Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy.

8. These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

9. Each document is to be produced along with all drafts, without abbreviation or redaction.

10. None of the definitions and instructions, or the requests set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or

admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

      11.    Unless otherwise indicated in a particular request, these requests are not date or time limited.

      12.    These requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**Request No. 1:**

All documents and things concerning the termination of the employment of Petitioner at T-Line S.r.l., Associazione Consulcesi Sanità nel Diritto, or any related entity.

**Request No. 2:**

All documents and things concerning any appraisals, efforts to sell, or consideration of efforts to sell, any residential property located in Italy and owned by in whole or in part by Petitioner.

Dated:  December 21, 2012

*/s/ Jacob Press*
Jacob Press
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Strret
New York, NY 10007
(212) 230-8800 (t)
(212) 230-8888 (f)

*Attorneys for Respondent Viviana Vittori*