**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

EMILIANO ERMINI,                                          No. 12-cv-06100 (LTS) (HJP)

                      Petitioner,

v.


VIVIANA VITTORI,

                      Respondent.

_____


## RESPONSE TO THE MOTION _IN LIMINE_ OF RESPONDENT TO PRECLUDE CERTAIN PETITIONER TESTIMONY AND FOR AN ADVERSE INFERENCE


      Petitioner, by counsel, respectfully submits their Response in Opposition to Respondent's Motion _in Limine_ and supporting memoranda.  For the reasons set forth below, Petitioner request this Court deny Respondent's motion to preclude certain Petitioner testimony and for an adverse inference. Respondent claims that,

    (a) Ermini should be precluded from testifying at trial regarding subjects about which he willfully refused to answer questions at his deposition; and more specifically that (i) Ermini should be precluded from testifying at trial regarding his family's presence in Suffern, New York in 2011 or the circumstances under which they lived there; (ii) Ermini should be precluded from testifying at trial regarding any purported agreement that would have permitted him to return to his job in Italy, from which he resigned in 2011; Each of these arguments is without merit; and,


    (b) The court should adopt an adverse inference based upon Ermini's refusal to provide electronic discovery.

Respondent's arguments are baseless and without merit.  Therefore, they should be denied.

The court should weight the risk of unfair prejudice imposed to the Petitioner from Respondent's sought preclusion.  This would impair the effective and efficient presentation of evidence in the case from the Petitioner that Italy is the habitual residence of children, and therefore, they should return home, Italy.

I.    Petitioner Ermini's Answered Truthfully All Questions to the Best of His Knowledge and Information

On December 20, 2012, Petitioner Ermini was deposed from counsel for Respondent. Ermini answered, each and every question made by Respondent's counsel, to the best of his knowledge and information.  Given deposition was the first one that Petitioner Ermini has ever had in his life.  Being deposed from an American attorney in a US proceeding is by far an unknown experience for an Italian, including Ermini.  In addition, his mother tongue is Italian language, which often added a serious difficulty to him to fully comprehend the meaning of many words or questions posed to him during the deposition by the counsel of Respondent.

During the entire deposition, Petitioner Ermini's answers showed a clear and unequivocal intention to continue keeping Italy his family's habitual residence.

At no time did Petitioner Ermini impede, delay or frustrate the fair examination of the deposition.  In contrary, he made all the efforts providing true and accurate answers to the best of his knowledge and recollection.

II.    Petitioner's Family Presence in Suffern, New York in 2011 or the Circumstances Under Which They Lived There

During his deposition of December 20th, counsel for the Respondent asked Petitioner vague, unclear and ambiguous questions in relation to Petitioner's family presence in Suffern,

New York in 2011 or the circumstances under which the family lived there.  For instance, he stated the following during deposition.

> Q.  Have you ever been inside the property that's located at 9 Chestnut Street in Suffern?
>
> . . .
>
> A.  But I didn't understand one thing, maybe because of the translation.  When the counsel says "property" in Italian means you own property.  So what do you mean? (*see* Exhibit A, Ermini Trans. 166:9-15).

III.    <u>Any Purported Agreement That Would Have Permitted Petitioner to Return to His Job in Italy, from which He Resigned in 2011</u>

The fact that Petitioner could return to his job in Italy is of quite relevance in support of the fact that he never had any intention to abandon Italy as his family habitual residence.

Petitioner was clear in his statements in relation to job in Italy from which he resigned in 2011.  For instance, he stated the following during deposition.

> Q.    You mentioned earlier that you had an oral agreement with Mr. Tortorella that would permit you to return to your job at T Line under certain circumstances; correct?
> . . .
> A.    Yes, I mentioned. (*see* Exhibit B, Ermini Trans. 102:3-11).

In another instance, during deposition, Ermini stated as follows:

> Q.    And just to be sure I understand, why did you not ask Mr. Tortorella if you could come back to T Line?
>
> A.    . . . I have to say in this situation there is never -- at least for what is concerning the relationship that I had with Mr. Tortorella, you don't ask can I

work with you.  But you talk about the business, you're talking about the new opportunities and you understand as a gentleman without putting anyone in an embarrassing situation if there is a mutual interest still to continue in a relationship. (*see* Exhibit C, Ermini Trans. 105:2-16).

It is clear from the deposition of Petitioner Ermini that he kept the opportunity of returning to work at previous Italian employer after he left the company.  More importantly, Petitioner Ermini already testified that.

Counsel for Respondent made every effort possible to almost "force" Petitioner to admit that Italy is the worst possible country to find a job, for instance when he asked a question to Petitioner "In your opinion is there a job crisis in Italy?" (*see* Exhibit D, Ermini Trans. 96:2)

IV.     Adverse Inference – Petitioner's Electronic Discovery

Respondent's counsel claims that Petitioner Ermini failed to provide electronic discovery, refusing to disclose his email addresses and withholding all documents from 2011 from his email production.  These claims are entirely false and untrue.

a)  Electronic Discovery

Petitioner produced about 1,200 pages of documents which were in his possession.  On or about March 4, 2011, while Petitioner was in the United States on a short trip, his mother-in-law (such an information was provided to Petitioner from his neighbours, upon Ermini's return to Italy after the short trip), had entered the house where Petitioner with his family were living in Italy, and without any authorization or prior notice, she had taken all written materials and files in Petitioner's premises.  This is the reason that most of the documentation produced by Respondent in this matter were kept in the house in Italy.

b)  Petitioner's Email Addresses

4

During the deposition of December 20th, Petitioner and his counsel already provided to the counsel for Respondent two email addresses utilized by Petitioner, renzo.piani@virgilio.it and emilianoermini@alice.it, respectively, which Petitioner has used from January 1, 2010 to date, this as per the counsel's question.   A third email addresses was promised during the deposition that it was going to be produced thereafter, the counsel for Petitioner has already sent to Respondent's counsel email addresses of Ermini, upon receipt.  (*see* Exhibit E, Ermini Trans. 208:19-24, 209:13-16.  See also Exhibit F, copy of email to Respondent's counsel dated January 11, 2013).

Petitioner Ermini's initial hesitation to provide his email addresses to the counsel for Respondent was based on the fact that presently in Italy there is an ongoing criminal investigation from the Italian Postal Police Department following an report filed by Petitioner with the same due to an unauthorized access of his email address(-es) from third parties, which Petitioner claims to be from individuals related to Respondent.   Nevertheless, once Petitioner was assured that his email addresses would remain confidential, he released them to Respondent.

   c)   Document Production for 2011

Petitioner has produced over 1,200 documents, starting from 2009 to 2012 (*see* Exhibit G, Petitioner Docs Production E0236-254,256, 267, etc.).   Differently from production made by Respondent, which was totally unrelated to documents requested, Petitioner production was done in the most effective way considering the time frame and location of the documents.   In addition, as stated above, all personal documents of Petitioner were stolen by third parties, which, Petitioner believes to be related to Respondent, including the unlawful entry into Petitioner's email.   Those criminal complaints filed with the Italian police have duly produced to Respondent.

   V.   <u>Irregularities in the Deposition of December 20th</u>

During the deposition of December 20th, counsel for the Respondent introduced ten exhibits.  All of them, except exhibit 5, were in a foreign language, Italian, without any English translation whatsoever.   Counsel for Respondent was asked repeatedly; in each case he introduced these exhibits, to withdraw them because they were not translated in English, which impeded ability of the co-counsel for Petitioner to adequately provide representation to his client during the deposition.  Counsel refused in each instance to withdraw such exhibits.  The fact that counsel would take deposition and introduce exhibits in a language that neither he nor the counsel for the deposed party would understand made representation of the client deposed party very difficult to undertake.

Counsel for Respondent went beyond the seven-hour maximum time allowed for deposition, which created an untenable condition for Petitioner, considering that he had travelled from Italy for the deposition one day before deposition.  Only with the intervention of the Petitioner's counsel, it was made possible to conclude the deposition.  (*see* Exhibit H, Ermini Trans. 210:3-14).


## Conclusion


For the foregoing reasons, Petitioner Ermini respectfully requests that the Court denies Respondent's motion *in limine* for an order (1) precluding Petitioner Emiliano Ermini from testifying at trial regarding subjects about which he refused to answer questions at his deposition, including his family's presence in Suffern, New York in 2011 or the circumstances under which they lived there, and any purported agreement that would have permitted him to return to his job in Italy, from which he resigned in 2011; and (2) adopting an adverse inference that his 2011 email communications would rebut his claims in this case, based upon Ermini's refusal to provide electronic discovery, and granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

Dated:  New York, New York

      January 11, 2013                       Tosolini, Lamura, Rasile & Toniutti LLP


                                        */s/  Rocco Lamura*

                                        Rocco Lamura

7                                             70 West 36th Street 12th Floor

                                        Suite 12A

                                        New York, NY 10018

                                        tel: (917) 551-6532

                                        fax: (646) 536-8719

                                        *Counsel for Petitioner Emiliano Ermini*