UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EMILIANO ERMINI, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 12-cv-06100 (LTS) (HJP) |
| | ) |
| v. | ) |
| | ) |
| VIVIANA VITTORI, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## JOINT PRETRIAL STATEMENT

Petitioner Emilinao Ermini ("Petitioner" or "Mr. Ermini") and Respondent Viviana

Vittori ("Respondent" or "Ms. Vittori") hereby respectfully submit this joint pre-trial statement.

**a.**    **Statement of Legal Issues to Be Decided**

*Petitioner's Statement of Legal Issues to Be Decided*

The following are issues of law that will need to be decided by the Court:

(i) Whether Daniele and Emanuele Ermini (the "Children") were unlawfully removed

from their habitual residence; or

(ii) Whether the Children were wrongfully retained from their habitual residence; and,

(iii) Whether the children should be returned to Italy, country of habitual residence.

Petitioner objects to any alleged factual issue outlined by Respondent herein below.

*Respondent's Statement of Legal Issues to Be Decided*

In August 2011, Emiliano Ermini and Viviana Vittori, a married couple, moved from

Italy to Suffern, New York, together with their two children, Emanuele Ermini and Daniele

Ermini.  Emanuele, the older of the children, is an exceptionally bright nine year old.  Daniele, who is seven years old, is severely autistic.

After Daniele was diagnosed with autism in 2008, Mr. Ermini and Ms. Vittori became dissatisfied with the services that were available for Daniele in Italy.  In 2010, they met Dr. Giuspeppina Benincasa-Feingold, an Italian-speaking pediatrician with a practice in Suffern focused on children with special needs.  With the guidance of Ms. Vittori's cousins in New York and Connecticut, the family moved to Suffern on August 7, 2011, to obtain better care for Daniele.  In the remaining months of 2011, Mr. Ermini and Ms. Vittori signed a one-year lease for a house at 9 Chestnut Street in Suffern, marketed their home in Italy for sale, and enrolled their children in New York public schools.  Also at this time, Mr. Ermini resigned from his lucrative employment as a financial administrator in Italy and sought to become a part owner of Marcello's, a Suffern restaurant.  In February 2012, Ms. Vittori reported Mr. Ermini's violent domestic abuse to local law enforcement officials in Suffern.  Mr. Ermini then demanded that the entire family return to Italy.

Since September 2011, Emanuele and Daniele have lived in Suffern with their mother and attended public schools.  Daniele has made exceptional progress in an intensive and unique school program for autistic children.  However, his teachers have also observed severe regression that occurs following school breaks, weekends, or other disruptions to the continuity of instruction.  Emanuele, too, has quickly acclimated to life in the United States, blossoming in school and becoming fluent in English.  He objects strongly to returning to Italy.

Mr. Ermini brought this suit in August 2012, asking that this Court issue an order that Emanuele Ermini and Daniele Ermini be forcibly returned to Italy, pursuant to the Hague

Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25.1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed.Reg. 10,494 (Mar. 26, 1986), implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601 *et seq.* (2000).  Based on the facts described above and the evidence to be presented at trial, the legal issues to be decided are as follows:

1.     Whether the United States is the habitual residence of Emanuele Ermini, including whether Mr. Ermini and Ms. Vittori had a shared intent in 2011 to make the United States the habitual residence of Emanuele Ermini.[1]

2.     Whether the United States is the habitual residence of Daniele Ermini, including whether Mr. Ermini and Ms. Vittori had a shared intent to make the United States the habitual residence of Daniele Ermini.[2]

---

[1]     *See* Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25.1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed.Reg. 10,494 (Mar. 26, 1986), implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601 et seq. (2000), art. 3; *Gitter v. Gitter*, 396 F.3d 124, 130 ("A petitioner cannot invoke the protection of the Hague Convention unless the child to whom the petition relates is 'habitually resident' in a State signatory to the Convention and has been removed to or retained in a different State."); *Id*. at 134 ("[I]n determining a child's habitual residence, a court should apply the following standard:  First, the court should inquire into the shared intent of those entitled to fix the child's residence (usually the parents) at the latest time that their intent was shared. In making this determination the court should look, as always in determining intent, at actions as well as declarations. Normally the shared intent of the parents should control the habitual residence of the child.  Second, the court should inquire whether the evidence unequivocally points to the conclusion that the child has acclimatized to the new location and thus has acquired a new habitual residence, notwithstanding any conflict with the parents' latest shared intent."); *Whiting v. Krassner*, 391 F.3d 540, 551 (3d Cir. 2004) (child's habitual residence was Canada where the "shared intent of her parents. . . was that she would remain in Canada for at least two years").

[2]     *See supra* note 1.

3.      Whether returning Emanuele Ermini to Italy would expose him to a grave risk of physical or psychological harm, including consideration of whether he is settled in his new environment.[3]

4.      Whether returning Daniele Ermini to Italy would expose him to a grave risk of physical or psychological harm, including consideration of whether he is settled in his new environment.[4]

5.      Whether Emanuele Ermini has attained an age and degree of maturity at which it is appropriate to take account of his views, and whether he objects to being returned to Italy.[5]

6.      Whether Mr. Ermini consented to and acquiesced in the allegedly wrongful removal or retention of Emanuele Ermini.[6]

7.      Whether Mr. Ermini consented to and acquiesced in the allegedly wrongful removal or retention of Daniele Ermini.[7]

---

[3]      *See* Convention art. 13(b); *Reyes Olguin v. Cruz Santana*, No. 03-CV-6299, 2005 WL 67094, at *7-9 (E.D.N.Y. Jan. 13, 2005) (finding grave risk where children were well-settled in their new environment and at risk for severe psychological harm if repatriated); *Elyashiv v. Elyashiv*, 353 F.Supp.2d 394, 408 (E.D.N.Y. 2005) ("Courts have recognized that a child's observation of spousal abuse is relevant to the grave-risk inquiry…."); *Blondin v. Dubois*, 238 F.3d 153, 165 (2d Cir. 2001) ("[I]n the course of an Article 13(b) analysis, a district court may be presented with evidence that a child is now settled in a new environment, and such evidence may be relevant to the issue of grave risk.").

[4]      *See supra* note 3; *Cuellar v. Joyce*, 596 F.3d 505, 511(9th Cir. 2010) (noting that the return of a child will pose a grave risk where there is evidence of "child's serious medical needs and of the home country's inability to provide the necessary care," such that ordering the return of the child would disrupt an ongoing course of treatment).

[5]      *See* Convention art. 13;  *Blondin v. Dubois*, 78 F. Supp. 2d 283, 296 (S.D.N.Y. 2000) (objecting eight-year-old not returned), *aff'd Blondin*, 238 F.3d 153 at 167; *Reyes Olguin v. Cruz Santana*, 03 CV 6299 JG, 2005 WL 67094, at *10, n. 2 (E.D.N.Y. Jan. 13, 2005) (objecting eight-year-old not returned).

[6]      *See* Convention art. 13(a).

8.     Whether any trial testimony by Emanuele Ermini will be taken *in camera*, on the record, and outside the presence of the parties or their respective counsel.[8]

9.     Whether the Court should: (1) preclude Mr. Ermini from testifying at trial regarding subjects about which he refused to answer questions at his deposition, including his family's presence in Suffern, New York in 2011 or the circumstances under which they lived there, and any purported agreement that would have permitted him to return to his job in Italy, from which he resigned in 2011; (2) adopt an adverse inference that Mr. Ermini's 2011 email communications would rebut his claims in this case, based upon his refusal to provide electronic discovery; and (3) any other motions in limine filed by the Respondent.[9]

**b.     Statement of Material Facts Not in Dispute**

1. Mr. Ermini is married to Ms. Vittori.

2. Mr. Ermini is an Italian citizen.

3. Ms. Vittori is an Italian citizen.

4. Mr. Ermini is the father of Emanuele Ermini.

5. Mr. Ermini is the father of Daniele Ermini.

6. Ms. Vittori is the mother of Emanuele Ermini.

7. Ms. Vittori is the mother of Daniele Ermini.

8. Emanuele Ermini is an Italian citizen.

9. Daniele Ermini is an Italian citizen.

10. Emanuele Ermini was born on August 23, 2003 and is nine years old.

---

[7]     *Id*.

[8]     *See* Respondent's Motion in Limine, January 10, 2013 [Docket No. 28].

[9]     *See* Respondent's Motion in Limine, January 10, 2013 [Docket No. 31].

- 5 -

11. Daniele Ermini was born on May 18, 2005 and is seven years old.

12. Daniele Ermini has been diagnosed with autism.

c.      **Witness Lists**

*Petitioner's Witness List[10]*

1.      <u>Emiliano Ermini</u>, *c/o* Tosolini, Lamura, Rasile & Toniutti LLP, 70 West 36th Street, 12 Fl., Suite 12A, New York, NY 10018.  We expect that Mr. Ermini will testify regarding his parental intention that upon a short-term visit to the United States late 2011 in order to look for potential treatment and care evaluation for Daniele Ermini's autism, his Children return back home, Italy.

2.      <u>Viviana Vittori</u>, 53 East Maple Avenue, Suffern, NY 10901.  Ms. Vittori, Respondent in this action, temporarily moved to Suffern, New York from Italy with the Children in November 2011.  We expect that she will testify regarding: (i) her intention and Mr. Ermini's intention to seek short-term potential treatment and care evaluation in the United States concerning Daniele Ermini's autism; (ii) her U.S. visa (immigration status) situation in the United States; (iii) any source of Vittori's income in the United States and other matters related to the well-being of the Children.

3.      <u>Emanuele Ermini</u>, 53 East Maple Avenue, Suffern, NY 10901.  Emanuele is Ms. Vittori and Mr. Ermini's nine year old son.  He is currently a fourth grade student at the R.P. Connor Elementary School, located at 13 Cypress Road, Suffern, New York, 10901.  We expect that Emanuele Ermini will testify regarding his life in Italy, including his academic success, his social and family networks, and his pursuit of extra-curricular activities in Italy.

---

[10] By providing this list, Mr. Ermini is not committing to call all witnesses identified herein, nor is Mr. Ermini committing to make them available, particularly those who are not in Mr. Ermini's control.  Mr. Ermini reserves the right to call any witness on Mrs. Vittori's witness list.

4.      <u>Enzo Ermini</u>, Via Formellonzi 13, VELLETRI ITALY.  We expect that Enzo Ermini will testify regarding the wrongful retention or removal of the Children and their life in Italy, including their academic success, their social and family networks, and their pursuit of extra-curricular activities.  Further, we expect Enzo Ermini to describe his role as grandfather of the Children and father of Petitioner.

5.      <u>Eloisa Ermini</u>, Via Formellonzi 13, VELLETRI ITALY.  We expect that Eloisa Ermini will testify regarding the wrongful retention or removal of the Children and their life in Italy, including their academic success, their social and family networks, and their pursuit of extracurricular activities.  Further, we expect Eloisa Ermini to describe his role as an aunt of the Children and the sister of Petitioner.  Finally, we further expect a description of the medical improvements of Daniele Ermini in Italy.

6.      <u>Marcello Russodivito</u>, 5 Danielle Court, Suffern, NY 10901.  We expect Mr. Marcello Russodivito to render a testimony regarding Petitioner conduct towards Respondent and Children while in the U. S. and Italy.

7.      <u>Nicola Antonucci</u>, Via Bari, 29 Torre a Mare – 70126 Bari – Italy. We expect Dr. Antonucci to render an expert testimony about the cure available Italy for autism's medical treatments, the medical progress in Italy of Daniele Ermini, and the conduct of Petitioner as a father during the medical treatments of Daniele Ermini.

8.      <u>Giuseppe Devita</u>, 134 West58th Street, New York, New York 10019.  We expect Mr. Devita, an attorney admitted in Italy, to render testimony about the custody law in Italy and the interpretation of the Italian Court Order of Velletri dated September 24, 2012 concerning joint custody of Petitioner and Respondent.

9.     Nicola Rasile, Via Giuseppe Ferrari No. 11, Rome, Italy, 00195.  We expect Mr. Rasile to render testimony on the Italian proceedings and related orders between Petitioner and Respondent.

### Respondent's Witness List[11]

1.     Viviana Vittori, 53 East Maple Avenue, Suffern, NY 10901.  Ms. Vittori, Respondent in this action, moved to Suffern, New York from Italy with Emanuele Ermini and Daniele Ermini in September 2011.  We expect that she will testify regarding her intention and Mr. Ermini's intention to seek long-term treatment and care for Daniele Ermini in the United States.   In addition, she will testify regarding Emanuele Ermini and Daniele Ermini's acclimatization to the United States.

2.     Emiliano Ermini, c/o Tosolini, Lamura, Rasile & Toniutti LLP, 70 West 36th Street, 12 Fl., Suite 12A, New York, NY 10018.  We expect that Mr. Ermini will testify regarding his intention to seek long-term treatment and care for Daniele Ermini in the United States.

3.     Emanuele Ermini, 53 East Maple Avenue, Suffern, NY 10901.  Emanuele is Ms. Vittori and Mr. Ermini's nine year old son.  He is currently a fourth grade student at the R.P. Connor Elementary School, located at 13 Cypress Road, Suffern, New York, 10901.  We expect that Emanuele Ermini will testify regarding his acclimatization to the United States, including his academic success, his social and family networks, and his pursuit of extra-curricular activities. Additionally, he will testify regarding his strong objection to being returned to Italy.

---

[11]     By providing this list, Ms. Vittori is not committing to call all witnesses identified herein, nor is Ms. Vittori committing to make them available, particularly those who are not in Ms. Vittori's control.  Ms. Vittori reserves the right to call any witness on Mr. Ermini's witness list.

4.      Pasquale Ruggiero, 53 East Maple Avenue, Suffern, NY 10901.  Mr. Ruggiero, an Italian citizen, was an employee of Marcello Russodivito in 2011.  In September 2011, Mr. Russodivito arranged for Mr. Ermini and Ms. Vittori to share their house at 9 Chestnut Street, Suffern, with Mr. Ruggiero, is order to defray expenses.  Since that date, Mr. Ruggiero has resided with Ms. Vittori, Emanuele Ermini, and Daniele Ermini.  We expect that he will testify regarding Mr. Ermini's plans to invest in the restaurant business in Suffern, New York in late 2011, as well as Mr. Ermini and Ms. Vittori's shared intent at that time to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.  He will also testify regarding his relationship with Emanuele Ermini and Daniele Ermini and their acclimatization to life in the United States.

5.      Marcello Russodivito, 5 Danielle Court, Suffern, NY 10901.  Mr. Russodivito is the owner of Marcello's, a restaurant located at 21 Lafayette Avenue, Suffern, New York 10901.  We expect that he will testify regarding Mr. Ermini's plans to sell his assets in Italy and become Mr. Russodivito's business partner in approximately September 2011.  In addition, Mr. Russodivito will testify regarding Mr. Ermini and Ms. Vittori's shared intent in the latter half of 2011 to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.

6.      Andrea Gess, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. Gess is Emanuele Ermini's current fourth grade teacher at the R.P. Connor Elementary School, located at 13 Cypress Road, Suffern, New York, 10901.  We expect that she will testify regarding Emanuele Ermini's notable

academic progress at the R.P. Connor Elementary School as well as his acclimatization to life in the United States in general.[12]

7.    <u>Mary DiPersio</u>, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. DiPersio is the principal of Emanuele Ermini's current school, the R.P. Connor Elementary School, located at 13 Cypress Road, Suffern, New York, 10901.  We expect that she will testify regarding Emanuele Ermini's notable academic progress at the R.P. Connor Elementary School as well as his acclimatization to life in the United States in general.  Additionally, Ms. DiPersio will testify regarding  Mr. Ermini and Ms. Vittori's shared intent in the latter half of 2011 to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.

8.    <u>Colleen Cumiskey</u>, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. Cumiskey is a teacher who has worked closely with Daniele Ermini in the 2012-2013 academic year at his school, located at the Link Elementary School, 51 Red Hill Road, New City, New York 10956.  We expect that she will testify regarding the exceptional progress that Daniele Ermini has made since his arrival to the United States and the severe effects that removal from his current school program will have on him.

9.    <u>Lisa Gold</u>, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. Gold is a teacher who worked closely with Daniele Ermini in the 2011-2012 academic year at his school, located at the Link Elementary School, 51 Red Hill Road, New City, New York 10956.  We expect that she will

---

[12]    If necessary, Ms. Gess, Ms. DiPersio, Ms. Cumiskey, Ms. Gold, Ms. Olori, and Ms. Russo may also be called to testify as custodian of certain school records.

testify regarding the exceptional progress that Daniele Ermini has made since his arrival to the United States and the severe effects that removal from his current school program will have on him.

10.     <u>Vanessa Olori</u>, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. Olori is a therapist who has worked closely with Daniele Ermini since late 2011 at his school, located at the Link Elementary School, 51 Red Hill Road, New City, New York 10956.  We expect that she will testify regarding the exceptional progress that Daniele Ermini has made since his arrival to the United States and the severe effects that removal from his current school program will have on him.

11.     <u>Maria Russo</u>, c/o Stephen M. Fromson, Greenberg Wanderman & Fromson, 150 Airport Executive Park, Suite 159, Nanuet, NY 10954.  Ms. Russo is a certified Speech and Language pathologist  who has worked closely with Daniele Ermini since late 2011 at his school, located at the Link Elementary School, 51 Red Hill Road, New City, New York 10956.  We expect that she will testify regarding the exceptional progress that Daniele Ermini has made since his arrival to the United States and the severe effects that removal from his current school program will have on him.  Additionally, she will testify regarding Mr. Ermini and Ms. Vittori's shared intent in the latter half of 2011 to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.

12.     <u>John Tempesta</u>, 35 Lost Mine, Ridgefield, CT 06877.  Mr. Tempesta is Ms. Vittori's first cousin.  He and his wife Patricia hosted Mr. Ermini and Ms. Vittori and their children in their Connecticut home on several occasions in 2010 when the family was visiting the United States.  We expect that Mr. Tempesta will testify regarding Mr. Ermini and Ms. Vittori's

shared intent in the latter half of 2011 to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.  In addition, Mr. Tempesta will testify about his personal relationship with Emanuele Ermini as well as his extended family's relationship with Emanuele.

13.   <u>Mario Belardino</u>, 13 Indian Hill Road, New Rochelle, NY 10804.  Mr. Belardino is Ms. Vittori's cousin.  Mr. Belardino assisted Mr. Ermini and Ms. Vittori with finding an immigration attorney when they moved to the United States in September 2011.  We expect that Mr. Belardino will testify regarding Mr. Ermini and Ms. Vittori's shared intent in the latter half of 2011 to make the United States the habitual residence of Emanuele Ermini and Daniele Ermini.  Specifically, he will testify regarding Mr. Ermini's plans to sell his assets in Italy, invest in the restaurant business in the United States, and seek long-term treatment and care for Daniele Ermini's autism in the United States.

14.   <u>Dr. Carol Fiorile</u>, c/o Jacob Press, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.  We expect that Dr. Fiorile will testify regarding her expert opinions about the efficacy of Daniele Ermini's current classroom therapy and the severe effect of removing him from it, as well as Emanuele Ermini's acclimatization to life in the United States and the effect of a disruption to his home and school life.

**d.    <u>Exhibit Lists</u>**

The parties have attached exhibit lists for all exhibits to be offered at trial.  Petitioner's exhibit list is attached as Exhibit A.  Respondent's exhibit list is attached as Exhibit B.  Objections as to admissibility are noted on the exhibit lists.

e.      **Designation of Deposition Testimony to Be Offered at Trial**

The parties have attached designations of deposition testimony to be offered at trial.

Petitioner's designations are attached as Exhibit C.  Respondent's designations are attached as

Exhibit D.  Objections as to admissibility are noted on the designation lists.

f.      **Stipulations as to Admissibility of Exhibits and Depositions**

The parties have not yet discussed or reached any stipulations.

g.      **Statements as to Whether the Case Is to Be Tried Before a Jury**

The Court has indicated this is a bench trial.

h.      **Statements Regarding Consent to Trial Before a Magistrate Judge**

Not all parties consent to trial of the case by a magistrate judge.

i.      **Each Party's Estimate of the Time Required for the Presentation of Its Case**

The Court has ordered that Mr. Ermini is allotted seven hours for the presentation of his

case and Ms. Vittori is allotted seven hours for the presentation of her case.  Emanuele Ermini

and Daniele Ermini, together, who are represented by Jacqueline Sands, are allotted one hour.

Dated: January 18, 2013
       New York, New York


By: _/s/ Rocco Lamura_____        By: _____

Rocco Lamura                                 Jacob Press
TOSOLINI, LAMURA, RASILE & TONIUTTI          WILMER CUTLER PICKERING HALE
LLP                                          AND DORR LLP
70 West 36th Street                          7 World Trade Center
12th Floor                                   250 Greenwich Street
New York, New York 10018                     New York, NY  10007
Phone: 212 601-2820                          Phone: (212) 230-8800

*Counsel for Petitioner*                     *Counsel for Respondent*