UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIANO ERMINI, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 12-cv-06100 (LTS) (HJP) |
| | ) |
| v. | ) |
| | ) |
| VIVIANA VITTORI, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION IN LIMINE
FOR AN ORDER TO PRECLUDE EXPERT TESTIMONY**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................3

BACKGROUND ..............................................................................................................................4

    A.    Respondent's Disclosures Regarding Dr. Carol Fiorile............................................5

    B.    Petitioner's Disclosures Regarding Dr. Nicola Antonucci ......................................5

    C.    Petitioner's Disclosures Regarding Giuseppe Devita and Nicola Rasile.................6

ARGUMENT.....................................................................................................................................7

    A.    Dr. Antonucci's Testimony and Written Statements Should Be Precluded ............8

    B.    Mr. Devita's Testimony and Written Statements Should Be Precluded................10

    C.    Mr. Rasile's Testimony and Written Statements Should Be Precluded ................11

CONCLUSION................................................................................................................................13

Pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(c)(1), Respondent Viviana Vittori ("Respondent" or "Ms. Vittori") respectfully submits this memorandum of law in support of her motion *in limine* to preclude Petitioner Emiliano Ermini ("Petitioner" or "Mr. Ermini") from offering testimony and written statements of expert witnesses Dr. Nicola Antonucci, Giuseppe Devita, and Nicola Rasile, because—among other things—Petitioner failed to provide disclosure of their expert opinions, in violation of this Court's scheduling order. Furthermore, Mr. Rasile, as counsel to Petitioner, is disqualified from testifying as an expert witness.[1]

## PRELIMINARY STATEMENT

Petitioner has conducted discovery in this matter according to his own rules, on his own schedule. Again and again, his conduct has prejudiced Respondent's ability to prepare this case for trial. He has improperly withheld documents,[2] he failed to answer questions at his deposition,[3] and now he has made a mockery of expert disclosure.

Petitioner disclosed that he had retained Dr. Nicola Antonucci as an expert witness six days after the deadline for such disclosure had passed, and after Petitioner had timely disclosed her expert. (Dr. Antonucci's disclosure made clear he was going to testify on the same topics as

---

[1] Motions *in limine* were due on January 9, 2013. Endorsed Letter to Judge Laura Taylor Swain from Jacob Press, *Ermini v. Vittori*, No. 12 Civ.-cv-06100 (S.D.N.Y. December 13, 2012) (hereinafter "Endorsed Letter, December 13, 2012") [Docket No. 21]. As explained below, this motion is filed now because the conduct at issue occurred after that date.

[2] Petitioner informed Respondent on Wednesday, January 17, that he would be producing approximately 250 pages of documents via Federal Express. After receiving a tracking number on the afternoon of January 18, Respondent learned that delivery was scheduled for 4:30 p.m. on January 22—after the parties' pre-trial conference. Petitioner subsequently represented that he had requested an upgrade of the shipment and expected that Respondent would receive it on January 19. That afternoon, according to FedEx, the package was still scheduled to be delivered at 4:30 p.m. on January 22. A demand to Petitioner for the immediate production of the documents received no response. Declaration of Jacob Press in Support of Respondent's Motion *in Limine* for an Order to Preclude Expert Testimony, *Ermini v. Vittori*, No. 12 Civ.-cv-06100 (S.D.N.Y. January 20, 2013) (hereinafter "Press Decl.") at ¶ 21.

[3] As discussed in Respondent's motion *in limine* filed on January 9, 2013, Petitioner refused to answer questions at his deposition on several key topics, including his family's presence in New York in 2011, and Petitioner has refused to disclose relevant emails from 2011, the period of time at issue here. Respondent's Motion *in Limine* for Preclusion and an Adverse Inference, *Ermini v. Vittori*, No. 12 Civ.-cv-06100 (S.D.N.Y. January 9, 2013) [Nos. 31-33]. In addition, while Petitioner has acknowledged using three different email accounts, he has produced no emails at all from two of them. Press Decl. ¶ 13.

Respondent's expert.)  On January 11, when Dr. Antonucci's report was due, Petitioner produced four pages of prose in Italian.  A translation was promised but was never provided.  (That same day, Respondent produced a timely and complete report by her expert, Dr. Carole Fiorile.)  A week later, on January 17—the night before expert discovery was to be completed—Petitioner provided a document to "complete" Dr. Antonucci's original January 11 "report."  This new statement—rather than completing the original one—was instead a  detailed rebuttal Respondent's expert report.  This Court's scheduling order never contemplated rebuttal reports, and required simultaneous disclosure of both experts and their reports.

Separately, Petitioner recently announced that Giuseppe Devita and Petitioner's counsel Nicola Rasile would be providing expert testimony at the upcoming trial.  These disclosures were made more than three weeks after the deadline of December 21 had passed, after the deadline for production of expert reports had expired, and with only one day remaining in the expert discovery period.  No report from Mr. Devita or Mr. Rasile has ever been provided.

Because trial will commence in a matter of days, the only practical remedy for Petitioner's misconduct is the preclusion of expert testimony and written statements from Dr. Antonucci, Mr. Devita, and Mr. Rasile.

### BACKGROUND

This Court set a deadline of December 21, 2012 for disclosing the names of experts and the subject matter of their testimony.[4]  All remaining Rule 26(a)(2) expert witness disclosures, including reports, were due by January 11, 2013.[5]  The deadline for completing all witness discovery was January 18, 2013.[6]  As explained below, Petitioner has not only disregarded these

---

[4] Endorsed Letter, December 13, 2012.
[5] *Id*.
[6] *Id*.

deadlines, he has attempted to use Respondent's compliance a means of gaining an improper advantage in preparing his case for trial.

### A. Respondent's Disclosures Regarding Dr. Carol Fiorile

On December 21, 2012, Respondent timely disclosed that she had retained Dr. Carol Fiorile to provide expert testimony on the extent to which the children Emanuele Ermini and Daniele Ermini are acclimated to the United States; their maturity; the quality and effectiveness of their current education, treatment, and medical care; the risk of physical or psychological harm if they were to be removed from their current environment; and related topics.[7] On January 11, Respondent timely made all remaining disclosures under Rule 26(a)(2), producing a written report by Dr. Fiorile.[8] As required, this report included a complete statement of her opinions and the basis for them; the facts or data considered by her in forming her opinions; her qualifications and recent publications; a list of cases in which she recently testified; and a statement of her compensation.[9] *See* Fed. R. Civ. P. 27(a)(2)(B).

### B. Petitioner's Disclosures Regarding Dr. Nicola Antonucci

On December 27, 2012, nearly a week after the relevant deadline and after Respondent made her disclosure, Petitioner disclosed that he had retained Dr. Nicola Antonucci to provide expert testimony on "the available cures in Italy for autism; available cure in the United States for autism disorder; past and present psychological and physical well-being of Emanuele and Daniele Ermini."[10] On January 11, Petitioner produced a four-page statement that purported to be Dr. Antonucci's report, but was written entirely in Italian.[11] It does not disclose Dr. Antonucci's compensation or prior testimony, and without translation it is impossible to assess

---

[7] Press Decl. Ex. E (Respondent's Expert Disclosure Pursuant to Rule 26(a)(2), Dec. 21, 2012).
[8] Press Decl. Ex. G (Expert Report of Dr. Carol A. Fiorile, Jan. 11. 2013)
[9] *Id*.

whether it presents the basis for any opinions or the facts or data considered by Dr. Antonucci in forming them as required by Rule 26(a)(2)(B). No exhibits were appended.

Dr. Antonucci's January 11 disclosure was accompanied by a representation from Petitioner's counsel that a translation would be provided by January 14.[12] None was provided. Respondent subsequently demanded a translation, but as of the date of this filing, she has not received it.[13] With time before trial running out, Respondent arranged for a rush translation on its own and, on this basis, determined that the conclusions in Dr. Antonucci's January 11 report were almost entirely unsupported, irrelevant, or non-controversial. For this reason, Respondent did not seek to depose Dr. Antonucci, who resides in Italy, before the close of expert discovery on January 18.

On January 17, Petitioner produced a new statement from Dr. Antonucci, once again in Italian and without translation.[14] The first page of the statement claims that "[t]his document completes the previous medical report dating back to January 10, 2013."[15] The new statement systematically reviews the conclusions in the timely-disclosed report of Dr. Fiorile, of Respondent's expert, and attempts to rebut them, though the schedule ordered by the Court does not provide for expert rebuttals. The January 17 statement once again fails to include the content required by Rule 26(a)(2).

### C. Petitioner's Disclosures Regarding Giuseppe Devita and Nicola Rasile

On January 15, 2013, Petitioner disclosed for the first time, in the course of the parties' pre-trial conference, that he had retained an additional expert, Giuseppe Devita.[16] According to

---

[10]  Press Decl. Ex. F (Petitioner's Expert Disclosure Pursuant to Rule 26(a)(2), Dec. 27, 2012) at 2.
[11]  Press Decl. Ex. H (Expert Report of Dr. Nicola Antonucci, Jan. 10, 2013).
[12]  Press Decl. ¶ 9.
[13]  Id.
[14]  Press Decl. ¶ 17. A full translation was provided only an hour before the parties' January 18 deadline for filing a joint pre-trial statement. Press Decl. ¶ 19.
[15]  Press Decl. Ex. J (Expert Report of Dr. Nicola Antonucci, Jan. 14, 2013).
[16]  Press Decl. ¶ 14.

the Joint Pre-Trial Statement, Petitioner will call Mr. Devita to "render testimony about the custody law in Italy and the interpretation of the Italian Court Order of Velletri dated September 24, 2012 concerning joint custody of Petitioner and Respondent."[17]  Mr. Devita's *curriculum vitae* was produced on January 17, when Petitioner provided his trial exhibits to Respondent. Petitioner never produced a report from Mr. Devita.[18]

Two days later, on January 17, 2013, Petitioner sent Respondent a new draft witness list for inclusion in the joint pre-trial statement.  This draft included Dr. Antonucci, Mr. Devita, and an additional, third expert:  Nicola Rasile.[19]  Mr. Rasile is a partner in the law firm of Tosolini, Lamura, Rasile & Toniutti LLP, the very same firm that is counsel to Petitioner in this action.[20] In fact, Mr. Rasile was the attorney who signed, on behalf of Petitioner, the demand that is the basis of this lawsuit.[21]  Mr. Rasile intends "render testimony on the Italian proceedings and related orders between Petitioner and Respondent."[22]  To date, no report from Mr. Rasile has been provided.

Petitioner's incomplete disclosures for Mr. Devita, on January 15, and Mr. Rasile, on the evening of January 17, occurred just prior to the close of expert discovery on January 18.[23]

**ARGUMENT**

Due to Petitioner's consistent disregard for this Court's scheduling orders and his disclosure obligations under Rule 26(a)(2), the Court should preclude him from presenting testimony or written statements from Dr. Antonucci, Mr. Devita, and Mr. Rasile.

---

[17]   Press Decl. Ex. K (Joint Pre-Trial Statement, Jan. 18, 2013)
[18]   Press. Decl. ¶ 18, Ex. I.
[19]   Press Decl. ¶ 16.
[20]   Press Decl. Ex. A (Letter from Rasili to Vittori, dated May 14, 2012).
[21]   *Id*.
[22]   Press Decl. Ex. K.
[23]   Endorsed Letter, December 13, 2012.

Deficient disclosure of experts and expert reports subjects a party to sanctions. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(c)(1); *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("[A] trial court enjoys wide discretion in its handling of pre-trial discovery.") (citations omitted). Such sanctions include preclusion of the report and testimony that were not properly disclosed. *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961-63 (2d Cir. 1997); *see, e.g.*, *Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) (affirming preclusion of expert testimony where expert was announced "at the last minute" and the opposing party "would have been hard pressed to depose [the] expert and to find one of their own"); *Dexia SA/NV v. Bear, Stearns & Co., Inc.*, No. 12 Civ. 4761, 2012 WL 6808505, at *1 (S.D.N.Y. Dec. 28, 2012) (precluding late expert report where opposing party "would be substantially prejudiced by the need to continue to review" it after the relevant deadline).

Here, Petitioner has failed to produce timely or sufficient disclosure relating to any of his three experts, causing substantial prejudice to Respondent. The testimony and statements of Dr. Antonucci, Mr. Devita, and Mr. Rasile should therefore be precluded.

### A.  Dr. Antonucci's Testimony and Written Statements Should Be Precluded

As discussed above, Petitioner did not timely disclose the retention of Dr. Antonucci, nor did he produce a timely report that intelligibly disclosed information about his opinions or the bases for them, or a list of cases in which he had testified, or his compensation, as required by Rule 26(a)(2). *See Millennium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02. Civ. 7545 , 2006 WL 288353, at *2–3 (S.D.N.Y. Feb. 6, 2006) (precluding expert where his "report" failed to meet the requirements of Rule 26(a)(2)). In reliance upon her own rush translation of Dr. Antonucci's four-page January 11 statement, Respondent chose not to depose him before the

close of expert discovery on January 18.[24] Petitioner then sandbagged Respondent by producing on January 17 a new statement from Dr. Antonucci, once again in Italian, without translation, that purportedly "completes" Dr. Antonucci's prior statement.[25] In reality, the January 17 statement systematically reviews the conclusions in Dr. Fiorile's timely-disclosed report and attempts to rebut them.[26] Nonetheless, the January 17 statement, like the old one, fails to meet the basic requirements of Rule 26(a)(2), omitting required information about compensation and prior testimony. Petitioner provided a translation of Dr. Antonucci's report on January 18.

Notably, the statement that was produced on January 17 is actually dated January 14.[27] By withholding Dr. Antonucci's opinions until after Respondent had disclosed Dr. Fiorile's opinions and providing a translation of the report on the day expert discovery ended, Petitioner enabled Dr. Antonucci to turn his only permitted report into a rebuttal, while simultaneously denying Respondent the opportunity to depose him about his intended testimony. This kind of strategic gamesmanship and complete disregard of Court-ordered deadlines defeats the entire purpose of expert disclosure.

This misconduct justifies preclusion of Dr. Antonucci's testimony and statements. *See, e.g.*, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 50–51 (2d Cir. 2004) (district court did not abuse its discretion in precluding two experts where the offending party withheld expert disclosure with an apparent intent to gain a strategic advantage); *Queen v. Int'l Paper Co.*, No. 04 Civ. 342, 2006 WL 1229010, at *3 (N.D.N.Y. May 5, 2006) (precluding plaintiff's expert witness because her report was produced after defendants made timely expert disclosures,

---

[24] Press Decl. ¶ 15.
[25] Press Decl. ¶ 17. The assertion that the January 17 statement is a completion of the January 11 statement amounts to an admission that the January 11 statement was not an adequate report. *See Bristol-Myers Squibb Co. v. Rhône-Poulenc Porer, Inc.*, No. 95 Civ. 8833, 2000 WL 356412, at *1 (S.D.N.Y. Apr. 5, 2000) (an expert's report should be "detailed and complete . . . stating the testimony the witness is expected to present during direct examination, together with the reasons therefor") (citations omitted).
[26] Press Decl. Ex. J (Expert Report of Dr. Nicola Antonucci, Jan. 14, 2013).
[27] *Id.*

thereby providing Plaintiff's expert "the benefit of reviewing [defendant's] expert reports before [plaintiff's expert] prepared and served her report" and "affording [Plaintiff] an unintended and unfair tactical advantage").

### B. Mr. Devita's Testimony and Written Statements Should Be Precluded

Petitioner intends to present Mr. Devita as an expert in Italian law. But Mr. Devita's retention and the subject of his testimony was not disclosed on December 21, when such disclosure was due.[28] Neither was a report from Mr. Devita produced on January 11.[29] Petitioner revealed his intent to call Mr. Devita in a draft witness list that was exchanged on January 15, as part of the parties' pre-trial conference.[30] And in violation of both Rule 26(a)(2) and this court's order, the only disclosure Petitioner has provided regarding Mr. Devita is the single sentence that appears in the Joint Pre-Trial Statement and a *curriculum vitae* that was produced for the first time when it appeared as a trial exhibit on January 17.[31]

Petitioner's brazen disregard for the Court's expert disclosure schedule has caused Respondent significant prejudice, denying her the opportunity to prepare an appropriate trial strategy in light of Petitioner's apparent intention to foreground issues of Italian law. While Petitioner is represented in this action by attorneys who are members of the Italian bar, Respondent is not. With a week remaining before trial, it is no small matter for Respondent to prepare a new trial strategy in response to Petitioner's surprise. This would require the translation of dozens of pages of Italian filings, the engagement of Italian law experts—though they would not be permitted to testify, as the deadline for expert disclosure has passed—and the

---

[28] Endorsed Letter, December 13, 2012.
[29] *Id.*
[30] Press Decl. ¶ 14.
[31] Press Decl. ¶ 18.

education of Respondent's attorneys on matters that, up until now, have been peripheral to this case.[32]

At this eleventh hour, the Court must therefore preclude Petitioner from introducing expert testimony or statements by Mr. Devita. Under similar facts, this same result obtained in *Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02 Civ. 7545, 2006 WL 288353, at *2–3 (S.D.N.Y. Feb. 6, 2006), where an expert was precluded because a plaintiff failed to supply the disclosures required by Fed.R.Civ.P. 26(a)(2)(B) in a timely fashion. The court's decision was driven, in part, by the fact that "the defendants would suffer prejudice if [plaintiff] were permitted to commence expert disclosure at this late date." *Id.* at *2. As the court observed, "[n]ot only would they incur the trouble and expense of taking the deposition of [the expert] and potentially moving to exclude his testimony" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), "but they would also likely find it necessary to retain their own expert to rebut the plaintiff's evidence." *Id. See also Venite v. St. Luke's/Roosevelt Hosp.*, No. 01 Civ. 4067, 2002 WL 1461493, at *2–3 (S.D.N.Y. July 3, 2002) (precluding late "expert report and any testimony based on that report" where trial was imminent and "parties prepared their cases in accordance with the evidence laid out in the only expert report that was timely served").

### C. Mr. Rasile's Testimony and Written Statements Should Be Precluded

On January 17, two days after Mr. Devita's name surfaced and one day before the close of expert discovery, Petitioner disclosed his intention to call Nicola Rasile as an expert witness to

---

[32] In fact, the evidence that Petitioner proposes to present regarding current Italian proceedings is entirely irrelevant. There is no dispute that the Court of Velletri, Italy, issued a *temporary* and prospective order effective September 20, 2012 and currently under appeal by Ms. Vittori, providing that, as of that date, Mr. Ermini and Ms. Vittori have joint custody of Emanuele and Daniele Ermini, pending a final judgment from that court. Press Decl. Ex. C (Order of Court of Velletri, Italy, Case Nos. 3772/2012, 1312/2012, September 20, 2012); Ex. D (Transcript of December 3, 2012 Preliminary Conference) at 8-10. The order does not make any findings about the custodial rights of either Petitioner or Respondent prior to September 20, 2012. Press Decl. Ex. C. Because Mr. Ermini applied to the U.S. Department of State for return of the children on July 26, 2012, only custodial determinations and rights prior to that date are relevant to this case. Press Decl. Ex. B (Hague Convention Application, July 26, 2012).

"render testimony on the Italian proceedings and related orders between Petitioner and Respondent."[33] As with Mr. Devita, the disclosure was made by inserting Mr. Rasile's name into a draft pre-trial statement.[34] No report from Mr. Rasile has been provided to date, and no information regarding the scope of his testimony or his opinions is available, beyond the single sentence that appears in the Joint Pre-Trial Statement. Expert testimony and statements from Mr. Rasile must therefore be precluded, for the same reasons that Mr. Devita must be precluded.

Separately, Mr. Rasile must be precluded because he is a counsel to Petitioner in this action.[35] It is well established that counsel to a party may not provide expert testimony on behalf of its client. *See, e.g.*, *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687-88 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004) (Chin, J.) (precluding a party's attorney from testifying as an expert because "[i]t would be most inappropriate to permit him now to testify as an expert witness about the very matters he helped develop as a lawyer-advocate"); *United States v. Birdman,* 602 F.2d 547, 551 (3d Cir. 1979) ("The professional impropriety of assuming a dual role as advocate and witness has long been acknowledged by . . . the American bars."). If Mr. Rasile were testifying as a fact witness in the case, his testimony would be precluded for the same reasons. *United States v. Alu*, 246 F.2d 29, 33 (2d Cir. 1957) ("[L]awyers representing litigants should not be called as witnesses in trials involving those litigants if such testimony can be avoided consonant with the end of obtaining justice.").[36]

---

[33] Press Decl. ¶ 16.
[34] *Id*.
[35] Press Decl. Ex. A (Letter from Nicola Rasile to Viviana Vittori, May 14, 2012).
[36] If this lawyer, who is Petitioner's counsel, is permitted to testify, Respondent reserves the right to assert that Petitioner has waived the attorney-client privilege. Furthermore, depending on his testimony—the subject of which has not been disclosed due to the absence of an expert report—Respondent also reserves the right to disqualify Petitioner's counsel pursuant to Disciplinary Rule 5-102(A) of the ABA Code of Professional Responsibility (regarding lawyer witnesses).

## CONCLUSION

For the reasons set forth above, Respondent respectfully requests that the Court grant her motion *in limine* to preclude Petitioner Emiliano Ermini ("Petitioner" or "Mr. Ermini") from offering testimony and written statements of expert witnesses Dr. Nicola Antonucci, Giuseppe Devita, and Nicola Rasile.

Dated: New York, New York
January 20, 2013

                                             Respectfully submitted,

                                             WILMER CUTLER PICKERING HALE
                                               AND DORR LLP

                                             /s/ *Jacob Press*
                                             Sanket J. Bulsara
                                             Jacob Press
                                             7 World Trade Center
                                             250 Greenwich Street
                                             New York, NY 10007
                                             Tel.: (212) 230-8800
                                             Fax: (212) 230-8888
                                             E-Mail: Jacob.Press@wilmerhale.com

                                             *Counsel for Respondent Viviana Vittori*